Argued June 16, affirmed July 26, reconsideration denied September 1, 1976, petition for review pending

STATE OF OREGON, *Respondent,*

*v.*

JAMES EVERETT MUCKLEROY, *Appellant.*

(No. C 75-07-2311 Cr, CA 5772)

552 P2d 257

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Defendant, having been convicted of possession of dangerous drugs, ORS 167.207, contends on appeal that the drugs which were the basis of the conviction should have been suppressed because they were seized as the result of a warrantless search which was not based on probable cause.

Six members of the Portland police department, armed with a warrant to search a restaurant and bar for drugs and narcotics paraphernalia, entered the premises described in the warrant, ordered everybody not to move and explained the purpose of their entry.[1] The defendant did not obey the police instructions, but, rather, started to move rapidly toward the door and at the same time quickly inserted his right hand into his pants pocket. One of the officers immediately ran toward the defendant, shouting at him not to move. The defendant did not stop until the officer physically restrained him. After the officer was confident that the defendant would make no attempt to struggle, he removed defendant's hand from his pocket and patted the exterior of the pocket. The officer's testimony was that based upon his considerable experience he did not believe that the object which he felt was a weapon, but that he removed the object because he was curious as to what it was.

We think a reasonable interpretation of the officer's testimony was that he suspected that the object might be drugs and we find that under the totality of the circumstances the suspicion was well-warranted.

Affirmed.

---

[1] The warrant also authorized the search of two named individuals for the same purpose. One of the individuals was present at the time and place in question. The defendant, however, was not one of those individuals and was, in fact, previously unknown to the searching officers.