Argued and submitted August 1, reversed and vacated in part October 18, petition for rehearing denied December 6,.1983

## STATE OF OREGON,
*Respondent on review,*

*v.*

## CALVIN LLOYD MACY,
*Petitioner on review.*

(TC 27992, CA A26229, SC 29558)

671 P2d 92

Helen I. Bloch, Salem, argued the cause for petitioner on review. With her on the petition and brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

JONES, J.

## JONES, J.

Defendant was convicted of two counts of murder and sentenced to life imprisonment with a 10-year mandatory minimum on one count imposed under ORS 144.110(1). On appeal, he contended (1) the trial court had no authority to impose a mandatory minimum under ORS 114.110(1) because the statute does not authorize a minimum term in the case of a life sentence, and (2) this statutory provision was impliedly repealed by the initiative petition which amended ORS 163.115. Former ORS 163.115(5), requiring the defendant to serve not less than 25 years before becoming eligible for parole, was declared unconstitutional, *State v. Shumway,* 291 Or 153, 630 P2d 796 (1981). The Court of Appeals affirmed without opinion. Because of our disposition of this case, we do not reach the issue of whether ORS 144.110(1) was impliedly repealed or whether the doctrine of revival is applicable.

### FACTS

The defendant was originally given a 25-year mandatory minimum, but on resentencing after our decision in *Shumway,* the court ordered a 10-year mandatory minimum under ORS 144.110(1), which states:

> "In any felony case, the court may impose a minimum term of imprisonment of up to one-half of the sentence it imposes."

ORS 161.525 provides that a crime is a felony "if it is so designated in any statute of this state or if a person convicted under a statute of this state may be sentenced to a maximum term of imprisonment of more than one year." Murder fits within the definition of a felony.

The Court of Appeals, following its decision in *State v. Segner,* 42 Or App 397, 600 P2d 916, *rev den* 288 Or 253 (1979), held that ORS 144.110(1) applied to life sentences. In *Segner,* the Court of Appeals said:

> "Although the statutes did not formerly expressly provide for a minimum term of imprisonment for a defendant sentenced to life imprisonment, Class A Felonies allow a minimum term of imprisonment up to ten years. * * * Therefore, it follows from the statutory scheme of penalties that a minimum sentence imposed for a lesser crime is permissible within the limitations prescribed by ORS 144.110(1). Any other

interpretation of ORS 144.110(1) would lead to the incongruous result that a felon who stops short of killing his victim would potentially be subject to more lengthy imprisonment than one who actually kills the victim. * * *" *Id.* at 400-01.[1]

However, as pointed out by Chief Judge Schwab in the dissent in *Segner:*

"* * * I do not believe that ORS 144.110(1) authorizes the judiciary to speculate what the exact life span of a given individual will be and then sentence accordingly. I think it is more likely that either the legislature did not think of the problem of a mandatory minimum in the case of a life sentence * * * or that if it thought of the problem, it decided that in the case of a life sentence only the Parole Board should determine the period of actual incarceration of the individual so sentenced. * * *" *Id.* at 401.

In a footnote, Judge Schwab noted that "[m]ortality tables undoubtedly are very accurate as to classes and almost always very inaccurate as to individuals." *Id.* at 401 n 1. We agree with the dissent that ORS 144.110(1) does not authorize a sentencing judge to speculate what the exact life span of any given individual will be. Even applying the reasonably accurate mortality table, what standard could the court apply if confronted with the sentencing of an individual who had already passed the maximum life expectancy age?

The authority of a trial court to impose a sentence is strictly limited to the provisions of the statutes authorizing the sentence. The murder statute under which defendant was convicted, ORS 163.115, and subsection (3) of that statute simply provides "[a] person convicted of murder shall be punished by imprisonment for life." No provision was enacted by the legislature for imposition of a minimum term. We believe the legislature never intended to impose a minimum term for life imprisonment. Therefore, we hold that ORS 144.110(1) is not applicable to a life sentence.

In the case of a life sentence, under the current statute only the Parole Board may determine the period of

---

[1] In *State v. Reams,* 292 Or 1, 636 P2d 913 (1981), this court cited *State v. Segner* in a footnote and stated that we agreed with the concession of the assistant attorney general that the case "must be remanded to the trial court for the resentencing * * * under the rules as stated in *State v. Segner.*" *Id.* at 17, n 9. However, the issue of applicability of ORS 144.110(1) was not raised or considered.

actual incarceration of the individual so sentenced. Under OEC 201(e) and 201(f), the parties were advised during oral argument that we wished to take judicial notice of the parole release date set by the Board for this defendant. The parties stipulated that we could take judicial notice that under Oregon Administrative Rule 255-35-025 the defendant's present release date is set by the Board for November, 1998. However, because defendant's sentence is scheduled for review in December, 1985, the 10-year minimum may retain some remote vitality and, therefore, the issue before us is not totally moot.

The Court of Appeals is reversed and that portion of the sentence imposing a 10-year minimum is vacated.