Argued and submitted January 26, affirmed February 15, petitions for rehearing denied March 27, 1984

## STATE OF OREGON,
*Respondent on review,*

*v.*

## FREDRICK TURNER,
*Petitioner on review.*

(C82-06-35699, CA A27352, SC S30048)

676 P2d 873

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for petitioner on review. With her on the petition and brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent on review. On the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Margaret E. Rabin, Assistant Attorney General, Salem.

JONES, J.

## JONES, J.

The defendant was charged by a four-count indictment with the offenses of burglary in the first degree, kidnapping in the first degree, attempted rape in the first degree and assault in the fourth degree. After the defendant was convicted on all counts, the Multnomah County Circuit Court found defendant to be a dangerous offender subject to the provisions of ORS 161.725[1] and sentenced him as follows:

For the burglary in the first degree conviction, defendant was sentenced to an indeterminate period of time not to exceed 20 years. The sentence was ordered to be served consecutively to the terms defendant received for the kidnapping and attempted rape charges. Defendant was further ordered to serve a minimum 10-year term of imprisonment pursuant to ORS 144.110.

For the kidnapping in the first degree conviction, defendant was sentenced to an indeterminate period of time not to exceed 20 years with a mandatory 10-year minimum term (ORS 144.110). The sentence was ordered to run consecutively to the burglary sentence and concurrently with the attempted rape sentence.

For the attempted rape in the first degree conviction, defendant was ordered to serve an indeterminate 30-year term of imprisonment with a mandatory 15-year minimum term (ORS 144.110). The sentence was ordered to run consecutively to the burglary sentence and concurrently with the kidnapping sentence.

---

[1] ORS 161.725 provides in pertinent part:

"The maximum term of an indeterminate sentence of imprisonment for a dangerous offender is 30 years, if the court finds that because of the dangerousness of the defendant an extended period of confined correctional treatment or custody is required for the protection of the public and if it further finds, as provided in ORS 161.735, that one or more of the following grounds exist:

"(1) The defendant is being sentenced for a Class A felony, and the court finds that he is suffering from a severe personality disorder indicating a propensity toward criminal activity.

"(2) The defendant is being sentenced for a felony that seriously endangered the life or safety of another, has been previously convicted of a felony not related to the instant crime as a single criminal episode, and the court finds that he is suffering from a severe personality disorder indicating a propensity toward criminal activity."

Finally, with respect to the offense of assault in the fourth degree, a Class A midemeanor, defendant received a sentence of discharge pursuant to ORS 137.010(5)(d).

The trial judge found the defendant to be a dangerous offender under ORS 161.725 because the defendant (1) was being sentenced for attempted rape, "a felony that seriously endangered the life or safety of another," (2) had previously been convicted of rape and robbery felonies not related to the instant crime, and (3) was suffering from a severe personality disorder indicating a propensity toward criminal activity. The court imposed the maximum term of 30 years' imprisonment under the dangerous offender statute and then imposed a 15-year minimum term of imprisonment under ORS 144.110(1), which states: "In any felony case, the court may impose a minimum term of imprisonment of up to one-half of the sentence it imposes." As mentioned, the court also utilized ORS 144.110(1) in imposing 10-year minimum terms of imprisonment for the 20-year burglary and 20-year kidnapping sentences.

We restricted review in this case to the issues of whether the minimum sentence imposed under ORS 161.725, the dangerous offender statute, was lawful and whether any minimum term under ORS 144.110(1) violated the proportionality requirement of the general purpose of our criminal code, ORS 161.025; Article I, Section 16, of the Oregon Constitution; or the Eighth Amendment to the United States Constitution.[2]

---

[2] ORS 161.025 provides in part:

"(1) The general purposes of chapter 743, Oregon Laws 1971, are:

"* * * * *

"(e) To differentiate on reasonable grounds between serious and minor offenses.

"(f) To prescribe penalties which are proportionate to the seriousness of offenses and which permit recognition of differences in rehabilitation possibilities among individual offenders.

"(g) To safeguard offenders against excessive, disproportionate or arbitrary punishment."

Article I, Section 16, of the Oregon Constitution provides in pertinent part:

"* * * Cruel and unusual punishments shall not be inflicted, but all penalties shall be proportionate to the offense. * * *"

## APPLICABILITY OF MINIMUM TERMS OF IMPRISONMENT UNDER DANGEROUS OFFENDER STATUTE

The defendant contends that ORS 161.725 does not provide statutory language for a minimum term and that a dangerous offender finding is more in the nature of an enhanced penalty rather than a "felony conviction." The defendant argues that because we said in *State v. Macy*, 295 Or 738, 671 P2d 92 (1983), that the legislature did not provide statutory authority to impose a minimum term of imprisonment upon a sentence of imprisonment for life, ORS 163.115(3), it should follow that no minimum term can be imposed under the dangerous offender statute absent specific language granting such authority.

■ The Court of Appeals in *State v. Holmes*, 62 Or App 652, 661 P2d 556 (1983), held that ORS 144.110(1) provides authority for a trial court to impose a minimum term of imprisonment of up to one-half the sentence imposed pursuant to ORS 161.725, the dangerous offender statute. We agree. In *Macy,* we did not say the legislature could not impose any minimum sentence for a life sentence for murder. We simply stated that it had not done so. In this case, the legislature expressly provided that a fixed term of 30 years can be imposed upon a dangerous offender. That enhanced felony conviction is subject to ORS 144.110(1). The trial court had authority to apply ORS 144.110(1) because the sentence imposed under ORS 161.725 was for a felony conviction and 15 years was "a minimum term of imprisonment of up to one-half of.the sentence." The problem faced in *Macy* of what is one-half of a life does not present itself here. In this case, we have a specific term of imprisonment of 30 years, whereas in *Macy* we were dealing with a term of imprisonment which was not determinable.

### DISPROPORTIONALITY

■ The defendant contends that the 15-year minimum term on the 30-year sentence is disproportionate and offends

---

The Eighth Amendment to the United States Constitution provides:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

ORS 161.025, Article I, Section 16 of the Oregon Constitution, and the Eighth Amendment to the United States Constitution. He argues that if *no* minimum term can be imposed for the crime of murder under *Macy,* it should follow that any minimum term for a less serious crime would be disproportionate to the offense and should be held void, citing *Cannon v. Gladden,* 203 Or 629, 281 P2d 233 (1955), and *State v. Shumway,* 291 Or 153, 630 P2d 796 (1981).

In *Cannon v. Gladden, supra,* the court mentioned that in 1864 the penalty for rape was fixed at a maximum of 20 years in prison. In 1919, the maximum penalty for assault with intent to commit rape was fixed at life in prison. This court held that such penalties were disproportionate because if the defendant had completed the rape he could receive only 20 years' imprisonment, but if he only attempted to rape he could receive life imprisonment. 203 Or at 632-33.

In *State v. Shumway, supra,* this court followed the same reasoning and vacated defendant's 25-year minimum term of imprisonment on a life sentence for unaggravated murder, because the more serious offense of aggravated intentional murder called for only 15- or 20-year minimum terms depending on the aggravating circumstances. 291 Or at 164.

In *Shumway,* we quoted with approval the following language from *Merrill v. Gladden,* 216 Or 460, 464, 337 P2d 774 (1959):

"* * * [W]e are of the opinion the crime of assault with an intent to commit robbery must be a lesser included offense of the crime of robbery, and, since our constitution provides that 'all penalties must be proportioned to the offense,' we conclude that the penalty assessable for the crime of assault with intent to rob cannot be greater than that provided for the accomplished robbery."

In all the cases noted above, the court compared the sentences for different degrees of the same crime. The sentence for the lesser crime was more severe than the sentence for the greater crime. These cases are distinguishable from the present case because here we are asked to compare the sentences of unrelated crimes.

Since the death penalty was held unconstitutional by this court in *State v. Quinn,* 290 Or 383, 407, 623 P2d 630

(1981), all murder convictions in this state provide for life sentences. A sentence for the remainder of a person's life is a greater sentence than a 30-year sentence with a 15-year minimum. Of course, it can be argued that in the case of an elderly or seriously ill defendant such a person might not live 15 years and, therefore, a life sentence is predictably shorter; however, even in such cases no disproportionality exists because the individual defendant will be subject to imprisonment for life in either event.

The defendant also contends that as a practical matter many defendants sentenced to life imprisonment will be paroled in less time than is set for a minimum term for a less serious crime. For instance, in this case the defendant's net sentence for all his crimes arising from his current criminal activity was 50 years with a 25-year minimum, while in *Macy* this court noted that the defendant, who had been convicted of murder, was scheduled to be released by the Parole Board in 14 years.

We do not choose to speculate what the present or some future Parole Board might do in setting parole release dates for prisoners. We examine only the sentences as imposed by the trial judge. A sentence of imprisonment for the remainder of a person's life for murder is greater than any maximum or minimum statutory term authorized by the Oregon legislature for any less severe crime. The minimum sentences imposed on this defendant under ORS 144.110(1) are not disproportionate.

The Court of Appeals is affirmed.