Argued and submitted October 24, 1983, affirmed April 11, reconsideration denied December 14, 1984, petition for review denied January 22, 1985 (298 Or 553)

STATE OF OREGON,
*Respondent,*

*v.*

CHARLES JOHN HOLLYWOOD,
*Appellant.*

(82-0347 & 82-0348; CA A27504)

680 P2d 655

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his convictions for first degree rape, attempted rape and first degree sexual abuse. He contends that: (1) the court erred in admitting testimony about out-of-court statements of the four-year-old victim; (2) there was insufficient evidence to sustain the conviction for rape and attempted rape; and (3) the minimum sentence imposed pursuant to ORS 144.110(1) is unconstitutional. We affirm.

On April 27, 1982, Joan Johnson was with her granddaughter, the victim, when the child said, "Doc [her mother's boyfriend] hit me there." The child did not say exactly where she hurt, and when her grandmother questioned her she would not say anything more. Later that afternoon, and while in the bathroom, the child again said to her grandmother, "Doc hit me there." When Johnson asked where, the girl pointed to her crotch. Johnson asked what defendant had hit her with, she said, "His thing down there," again pointing to her crotch. Later the same day, the child repeated that Doc had hurt her.

Johnson took her granddaughter to St. Vincent's Hospital's emergency room for examination. Dr. White examined the child and testified at trial that he found no evidence of trauma but could not rule out sexual contact or slight penetration of the child's vagina. The child was later taken into protective custody by the Children's Services Division (CSD). At CSD's request, Dr. Peacock examined her on April 29, 1982. His examination revealed an inflamed and irritated vagina and outer vaginal lips, injuries which he concluded are consistent with sexual molestation. Dr. Peacock was of the opinion that an attempt had been made to enter the girl's vagina more than once, although the child's hymenal ring had not been penetrated. He did not think the size of the child's vagina allowed penetration. He also testified that an infection might have caused the inflammation, but he believed that it had not been caused by an infection.

Defendant argues that the trial court erred when it permitted the child's grandmother to testify about the statements made by the child. Over defendant's objection on hearsay grounds, the court ruled that the statements were admissible as substantive evidence under the "excited utterance" exception to the hearsay rule. OEC 803(2). We agree with the trial court's conclusion that the statements were

admissible, although we do not agree that they qualify as an "excited utterance" under the facts of this case.

OEC 803 provides in pertinent part:

"The following are not excluded by ORS 40.455, even though the declarant is available as a witness:

"* * * * *

"(2)  A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."

Several prerequisites must be present before a statement qualifies as an "excited utterance": (1) an occurrence startling enough to produce nervous excitement and render the utterance spontaneous and unreflecting; (2) the utterance must have been made before there has been time to contrive and misrepresent, and while reflective powers are yet in abeyance; and (3) the utterance must relate to the circumstances of the startling occurrence preceding it. *State v. Kendrick,* 239 Or 512, 515-16, 398 P2d 471 (1965). Were we to apply those factors mechanically to the facts of this case, we might agree with the state's assertion that the child's statements meet the prerequisites for qualification as an "excited utterance exception." However,

"[o]ne of the factors to be considered is the time interval between the event and the statement—i.e., whether that interval was long enough to permit reflective thought. *While this interval of time may not of itself be controlling, it is an important factor, if not the most important factor to be considered.* This is particularly true if there was any evidence that the declarant did 'in fact engage in a reflective thought process' during this time interval." *Zeller v. Dahl,* 262 Or 515, 519, 499 P2d 1316 (1972). (Emphasis supplied; footnotes omitted.)

In all probability the four-year-old victim had not engaged in a "reflective thought process" between the time of the assault and the moment she spoke to her grandmother. We are troubled, however, by the complete absence of evidence of when the events transpired before the child made the statements. Defendant had been the child's exclusive babysitter for nearly a month before the child told her grandmother about defendant's conduct. The child was not able to approximate either the number of times she had been assaulted, or

when. The assaults, therefore, may have occurred a month before the child spoke to her grandmother. Although the state argues that the Oregon Supreme Court and other courts have "somewhat broadened" this hearsay exception where young children's complaints of sexual contact are concerned, it cites no authority expanding the time element to as much as 30 days. *Cf. State v. Messamore,* 2 Hawaii App 643, 639 P2d 413 (1982) (ten days too long). We conclude that, under the evidence the state produced, the child's statements do not fit within the "excited utterance" exception to the hearsay rule.

Nonetheless, the trial court did not err when it admitted testimony about the child's statements. OEC 803 excepts from the hearsay rule:

"(24)(a) A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that:

"(A) The statement is relevant;

"(B) The statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and

"(C) The general purposes of the Oregon Evidence Code and the interests of justice will best be served by admission of the statement into evidence.

"(b) A statement may not be admitted under this subsection unless the proponent of it makes known to the adverse party the intention to offer the statement and the particulars of it, including the name and address of the declarant, sufficiently in advance of the trial or hearing, or as soon as practicable after it becomes apparent that such statement is probative of the issues at hand, to provide the adverse party with a fair opportunity to prepare to meet it."

The statements made by the child were clearly relevant—they established most of the requisite elements of the criminal offenses with which defendant was charged. The statements were more probative on that point than any other evidence the state had available, and the purposes of the Oregon Evidence Code[1] and the interests of justice were

---

[1] OEC 102 provides:

"The Oregon Evidence Code shall be construed to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined."

served by their admission. We also conclude that the "equivalent circumstantial guarantees of trustworthiness" required by OEC 803(24)(a) were present.

In *United States v. Nick*, 604 F2d 1199 (9th Cir 1979), a three-year-old boy told his mother that his male babysitter had molested him. The court applied the federal counterpart of OEC 803(24) and concluded that there were guarantees of trustworthiness surrounding the child's statements, reasoning that:

> "* * * The child's statement was directly responsive to his mother's question about the soiled condition of his apparel and his upset condition. The statement was made while the child was still suffering pain and distress from the assault. The childish terminology has the ring of verity and is entirely appropriate to a child of his tender years. The child's statement was corroborated by physical evidence on his person and on his apparel. It is extremely unlikely that the statement under these circumstances was fabricated. * * *" 604 F2d at 1204.

The circumstances here are similar. The victim was four years old, and her statements were made spontaneously and while she was still suffering pain from the assault. In addition, her "childish terminology has the ring of verity." Here, as in *Nick*, it is extremely unlikely that the victim fabricated the statements. Consequently, the statements were made under circumstances guaranteeing trustworthiness equivalent to the guarantees surrounding the other hearsay exceptions as called for by OEC 803(24). The grandmother's testimony was properly admitted.[2]

Defendant next assigns as error the denial of his motion for judgment of acquittal made at the close of the state's case. He argues that the evidence adduced at trial was insufficient to establish his guilt of rape and attempted rape. We review the evidence in the light most favorable to the state to determine whether any rational trier of fact could have found defendant guilty of rape and attempted rape. *Jackson v. Virginia*, 443 US 307, 99 S Ct 2781, 61 L Ed 2d 560 (1979); *State v. Harris*, 288 Or 703, 609 P2d 798 (1980).

---

[2] This "catchall" exception also would encompass the statements made by the child in response to the grandmother's questions.

First degree rape is defined by ORS 163.375(1)(b):

"(1)    A person who has sexual intercourse with a female commits the crime of rape in the first degree if:

"* * * * *

"(b)    The female is under 12 years of age * * *."

The term "sexual intercourse" is defined as having its "ordinary meaning and occur[ring] upon any penetration, however slight * * *." ORS 163.305(7). Defendant's principal argument is that the record is devoid of any evidence of penetration and, consequently, no rational jury could have convicted him of first degree rape.

It is true, as defendant points out, that the statements made by the child to her grandmother do not establish that penetration occurred. The child had said that defendant "hit" her and that he "hurt" her with his "thing." While those statements tend to establish that defendant committed some form of sexual assault on the child, they do not say that penetration occurred. Nevertheless, there was sufficient evidence in the record to establish that the penetration "however slight" occurred.

Dr. Peacock testified that he examined the child on April 29, 1982. He concluded that her vagina and the outer lips of her genitalia were "markedly" inflamed and irritated. The prosecutor asked Dr. Peacock directly whether penetration, as defined by ORS 163.305(7), had occurred:

"Q    [By the Prosecutor]: Now, your report indicates the phrase 'without penetration.' What did you mean by that phrase when you wrote the —

"A    [By Dr. Peacock]: That I didn't think that the hymen had been torn and the penis entered the vagina.

"Q    Now, are you aware of the Oregon statute which defines sexual intercourse as 'any penetration however slight'?

"A    I wasn't until just very recently, and that would alter my statement in the letter.

"Q    And by what degree or what would your — what do you mean by that statement?

"A    I think that — I feel that there was an attempt to forcibly enter this girl made probably on more than one occasion. I don't think that the size of the vagina allowed the

penetration; therefore, *through the outer lips* and where it was so irritated I think quite possible *she was sexually assaulted.*" (Emphasis supplied.)

We agree with the state's assertion that that testimony permitted the jury to infer that penetration had occurred. That evidence is sufficient to permit a rational jury to conclude that defendant was guilty of rape and attempted rape. Accordingly, the trial court did not err when it denied defendant's motion for judgment of acquittal.

In a supplemental brief, defendant challenges the trial court's sentence of an indeterminate 15-year term of imprisonment with 7 years mandatory minimum imprisonment pursuant to ORS 144.110(1). Citing *State v. Macy,* 295 Or 738, 671 P2d 92 (1983), defendant argues that, if under *Macy* no minimum term can be imposed for the crime of murder, it follows that any minimum term for a less serious crime would be disproportionate to the offense in violation of Article I, section 16, of the Oregon Constitution, and the Eighth Amendment to the United States Constitution. The same argument was rejected by the Supreme Court in *State v. Turner,* 296 Or 451, 676 P2d 873 (1984). Consequently, the trial court did not err when it imposed a mandatory minimum sentence on defendant.

Affirmed.