Argued and submitted October 24, 1983, affirmed April 11, 1984

# STATE OF OREGON,
*Respondent,*

*v.*

# KENNETH REUBEN KELSEY,
*Appellant.*

## (10-79-10932; CA A26657)

679 P2d 335

David E. Groom, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

■    Defendant appeals his conviction for unlawful possession of a controlled substance. He contends that the court erred in denying his motion to suppress evidence seized during an airport pre-boarding search of his luggage. He also asserts that the minimum term of imprisonment imposed pursuant to ORS 144.110(1) is unconstitutional. We affirm.

On November 16, 1979, defendant arrived at the security area of the Eugene Airport preparing to board a flight to Los Angeles. He was carrying a garment bag, which was run through the security x-ray machine. Security agent Smith discerned a shape that appeared to resemble a large chain inside the bag. She told defendant that she could not identify its contents sufficiently to permit him to board the airplane and would have to open the bag. Two sealed cardboard boxes were inside. Smith ran the boxes through the x-ray machine but still was unable to identify their contents. She told defendant that she still could not identify the contents and requested permission to open the boxes. Defendant consented.[1]

Inside the box, Smith found a number of transparent glass vials taped together and containing white powder. She asked defendant what the vials contained and he mumbled, "litrogen powder." Concerned that "litrogen powder" could be an explosive, Smith summoned police officer Randall and asked if he knew what "litrogen powder" was. Randall asked defendant what he had in his possession, and he replied that he was a courier and was taking the vials to Los Angeles for chemical testing. Randall told defendant that he could not take the boxes on board the airplane unless their contents were positively identified as safe. He also testified that defendant was evasive and "talked in circles." Defendant responded to Randall that he would not board the airplane. He reached for the boxes and unsuccessfully tried to pull them away from Randall. He said that he would leave without the boxes and then tried to flee the area. Randall chased him to the parking

---

[1] In addition, the state introduced evidence establishing that prominent signs are visible at the entrance to the security area warning passengers that all hand-carried luggage is subject to being opened and searched by the security agents. By attempting to board the airplane, defendant manifested his implied consent to Smith's opening the boxes. *United States v. Davis*, 482 F2d 893 (9th Cir 1973).

area, where he subdued and arrested him. Subsequent testing established that the vials contained cocaine.

■        In the trial court, defendant moved to suppress the seizure of the boxes containing the glass vials on a number of federal constitutional grounds. On appeal he also argues that his state constitutional rights were violated. Because he did not raise the state constitutional grounds below, we decline to address those separately. He does not challenge the right of the security personnel to open his luggage and the boxes.[2] He concedes that he consented to that search. He argues that, when he attempted to leave with the boxes, he revoked his previously given consent and that in order for the officer to seize or retain the boxes he had to have probable cause and exigent circumstances.

■        One of the sealed boxes was opened by Smith pursuant to defendant's consent. The glass vials and their contents were then exposed to view. Defendant's act in attempting to retrieve the boxes and leave the airport occurred after the search had been completed. The remaining question is whether Officer Randall had probable cause to seize the boxes after defendant revoked his consent to the search. We conclude that he did.

Randall had been a police officer with the Eugene Police Department three and one-half years and had had experience and training in the identification of illicit drugs and explosives. He testified that when he saw the vials filled with powder he thought the powder was either heroin, cocaine or an explosive. The containers were not labeled and were packaged in a manner similar to a way in which he previously had seen drugs transported. Defendant said that he was transporting the chemicals for testing purposes, but he could not produce substantiating documentation. Defendant was evasive and nervous and "just talked in circles" when Randall questioned him. When Randall told defendant that he could not take the packages on the airplane until the chemicals were identified, he tried to flee. Once the box was opened, Randall, by "plain view" observation, *see Coolidge v. New Hampshire,*

---

[2] The parties agree that, although the security agents were privately employed, their actions constituted governmental involvement sufficient to invoke the guarantees of the Fourth Amendment to the federal constitution. *See United States v. Davis, supra.*

403 US 443, 91 S Ct 2022, 29 L Ed 2d 564 (1971), had reason to suspect that defendant was transporting either explosives or a controlled substance. Defendant's suspicious behavior, coupled with Randall's experience and training, created probable cause to seize the vials in the opened box and to arrest defendant immediately. *See State v. Glade,* 61 Or App 723, 659 P2d 406, *rev den* 295 Or 446 (1983) (where police who had been notified of impending drug shipment observed defendant claim a package of cocaine, they had probable cause to arrest defendant without a warrant); *State v. Muckleroy,* 26 Or App 179, 552 P2d 257, *rev den* 276 Or 211 (1976) (where defendant disobeyed police instructions to remain where he was and attempted to flee, police had probable cause to search him for contraband). There was a practical necessity to seize the boxes without a warrant, because defendant was attempting to flee them.[3] The trial court properly denied defendant's motion to suppress.

■ . In a supplemental brief, defendant argues that the trial court erred when it imposed a two and one-half year minimum sentence pursuant to ORS 144.110(1). Defendant's argument was directly answered in *State v. Turner,* 296 Or 451, 676, P2d 873 (1984).

Affirmed.

---

[3] The police obtained a search warrant before opening the second sealed box and testing the contents. Defendant does not challenge the opening of the boxes or the right of the state to test the contents of the vials.