Argued and submitted November 23, 1983, remanded with instructions in part, affirmed in part April 11, reconsideration denied May 11, petition for review denied June 5, 1984 (297 Or 272)

## STATE OF OREGON,
*Respondent,*

*v.*

## LOY DARWIN WATKINS,
*Appellant.*

(C82-04-34651; CA A26213)

679 P2d 882

John Daugirda, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Defendant appeals his convictions for aggravated murder, ORS 163.095, murder, ORS 163.115, and burglary, ORS 164.225, all of which arose out of the same criminal episode, in which one person was killed. Defendant was sentenced to life in prison with a ten-year minimum term for murder and to life in prison with a 20-year minimum term for aggravated murder. The trial judge found that the burglary conviction merged into the other offenses.

Defendant challenges the trial court's failure to merge his murder and aggravated murder convictions.[1] The state correctly concedes that the failure to merge the offenses was error. Accordingly, we remand this case for resentencing to reflect merger of the lesser into the greater offense.

We note that defendant's life sentence for murder, with its ten-year minimum, presents a problem similar to the one in *State v. Macy,* 295 Or 738, 671 P2d 92 (1983). In that case, a defendant convicted of murder was sentenced to life in prison with a ten-year minimum sentence. The Supreme Court vacated the minimum portion of his sentence, because a court's authority to sentence is strictly statutory and the legislature had not enacted any provision authorizing a minimum term for life imprisonment. 295 Or at 741. In this case, merger of the murder conviction into the aggravated murder conviction eliminates the murder sentence and, hence, the *Macy* problem. The life sentence and 20-year minimum imposed for defendant's aggravated murder conviction are not subject to *Macy's* prohibition. ORS 163.105(2) mandates a

---

[1] The trial judge stated that he did not merge the murder and aggravated murder convictions out of concern that the aggravated murder conviction might be reversed on appeal. By sentencing for both offenses originally, he hoped to eliminate the need to remand for resentencing should a reversal occur. In *State v. Cloutier,* 286 Or 579, 602, 596 P2d 1278 (1979), the Supreme Court suggested another approach:

"* * * A trial court might pronounce a judgment of conviction on each of the charges, indicating the sentence he would impose if the conviction stood alone but suspending its execution (or suspending imposition of sentence), and accompany the judgment on each but the gravest charge with an order that the judgment is vacated by its own terms whenever the time for appeal has elapsed or the judgment appealed from has been affirmed. Such an order would make it clear on the record that the conviction on the secondary charge retains no legal effect in the absence of a further order reviving it in case a successful appeal from the judgment on the gravest charge is not followed by a retrial on that charge. * * *"

20-year minimum sentence for the kind of aggravated murder committed by defendant. ORS 163.095(2)(a).

■    Defendant raises several other assignments of error, but only one merits our discussion. He contends that his motion for reconsideration of verdict and his motion for new trial should have been granted, because the jury misapplied the law and reached two inconsistent verdicts. The jury voted 12 to 0 to convict defendant of aggravated murder for an intentional killing in the course and furtherance of a burglary, ORS 163.095(2)(d), while voting 11 to 1 to convict for the underlying burglary in the first degree. ORS 164.225. Defendant argues that the unanimous verdict required for an aggravated murder conviction by ORS 136.450 was not reached in this case, because the verdict on the underlying offense was less than unanimous.

An aggravated murder conviction under ORS 163.095(2)(d) is not contingent on the completion and conviction of the underlying offense. ORS 163.115(1)(b), which ORS 163.095(2)(d) incorporates by reference, simply requires that a defendant have at least attempted one of the underlying felonies.[2] It therefore follows that, if a burglary conviction was unnecessary in this case, the lack of an unanimous verdict on that count was inconsequential. Moreover, once the jury had determined that defendant was guilty of burglary, that matter was final. The subsequent deliberations on the aggravated

---

[2] ORS 163.095 provides, in pertinent part:

"* * * '[A]ggravated murder' means murder * * * which is committed under * * * any of the following circumstances:

"* * * * *

"[(2)](d) * * * [T]he defendant personally and intentionally committed the homicide under the circumstances set forth in 163.115(1)(b).

"* * * * *"

ORS 163.115(1)(b)(C) provides:

"Except as provided in ORS 163.118 and 163.125, criminal homicide constitutes murder when:

"* * * * *

"(b)  It is committed by a person * * * who commits or attempts to commit any of the following crimes * * *;

"* * * * *

"(C)  Burglary in the first degree as defined in ORS 164.225."

murder charge involved a separate and independent question, on which the jurors were not bound by their previous votes on the burglary count. Accordingly, we do not view the verdicts as legally inconsistent.

Remanded for resentencing on the murder and aggravated murder convictions; affirmed in all other respects.