Argued and submitted January 23, affirmed May 23, 1984

## STATE OF OREGON,
*Respondent,*

*v.*

## TIMOTHY LEE PROCK,
*Appellant.*

(83-2-54; CA A28900)

681 P2d 1186

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

RICHARDSON, P. J.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant was convicted by jury verdict on two counts of menacing, one count of recklessly endangering, one count of criminal mischief in the second degree and one count of theft in the first degree. All of the charges arose out of the same episode. He appeals the trial court's imposition of a five-year minimum sentence. We affirm.

Defendant and several companions ended an evening of drinking at a local bar with several fistfights. After the combatants separated and left the bar, defendant went to the home of one of the persons involved. He was armed with a pistol and threatened to kill one individual. During the melee that followed, defendant shot the pistol in the air. When some of the individuals involved ran into the house, he shot the pistol through the front door of the residence. When he finally left, he stole a shotgun that had been dropped by one of the participants.

■       In addition to the prison terms imposed, defendant was sentenced to a mandatory minimum term of five years on the theft conviction, because the court determined that he had used or threatened to use a gun during the commission of the theft. ORS 161.610(4) provides:

> "* * * [I]f the court finds beyond a reasonable doubt that the defendant used or threatened to use a firearm during the commission of the crime, it shall impose at least the minimum term of imprisonment as provided in subsection (5) of this section. Except as provided in subsection (6) of this section, in no case shall any person punishable under this section become eligible for work release or parole until the minimum term of imprisonment is served, less reductions of imprisonment for good time served, nor shall the execution of the sentence imposed upon such person be suspended by the court."

Defendant asserts that the trial court erred when it imposed the five-year mandatory minimum term without holding a post-trial hearing to determine if defendant had used a firearm and to allow him to present mitigating circumstances pursuant to ORS 161.610(6). He argues that a hearing is required by ORS 161.610(3):

> "Unless the conviction necessarily establishes that the defendant used or threatened to use a firearm during the commission of the crime, or unless the defendant admits on

the record that he used or threatened to use a firearm during the commission of the crime, whenever the court has reason to believe that the defendant so used or threatened to use a firearm, it shall set a presentence hearing on the matter. The parties may offer evidence and examine and cross-examine witnesses during the hearing."

Defendant raises this issue for the first time on appeal. At the sentencing hearing, the prosecutor stated that, because defendant used a firearm during the commission of the crimes for which he was convicted, he was requesting that the court impose a minimum sentence pursuant to ORS 161.610 on the theft charge. Defendant's counsel recited what he considered to be mitigating circumstances and asked that the court decline the prosecutor's request as authorized by ORS 161.610(6). Neither defendant nor his counsel contested the court's implicit determination that defendant had used a gun during the commission of the theft or requested a separate hearing. The jury's verdicts, in response to the allegations of the indictment, necessarily found that defendant used a gun during the commission of the crimes for which he was convicted. ORS 161.610(3); *State v. Wedge,* 293 Or 598, 652 P2d 773 (1982). The court did not err in imposing a sentence pursuant to ORS 161.610(5).

■    In a supplemental brief, defendant also argues that, under the holding in *State v. Macy,* 295 Or 738, 671 P2d 92 (1983), the imposition of a mandatory minimum five-year sentence here violates Article I, section 16, of the Oregon Constitution, the Eighth Amendment to the federal constitution and ORS 161.025(1)(f). Defendant argues that, if no minimum term can be imposed for murder under *Macy,* it should follow that any minimum term for a less serious crime would be disproportionate to the offense and should be held void. In *State v. Turner,* 296 Or 451, 676 P2d 873 (1984), the court rejected an identical contention regarding minimum terms of imprisonment under ORS 144.110(1). For the reasons expressed in *Turner,* we reject defendant's argument that a minimum term imposed pursuant to ORS 161.610(4) is unconstitutional.

Affirmed.