Argued and submitted January 31, vacated and remanded in part and otherwise affirmed July 23, 1986

## STATE OF OREGON,
*Respondent,*

*v.*

## RONALD VAN McKINSTRY,
*Appellant.*

(85-1000-C-2 (Count I), 85-1001-C-2 (Count I),
85-1001-C-2 (Count II), 85-1002-C-2 (Count I),
85-1002-C-2 (Count II), 85-1003-C-2 (Count I),
85-1003-C-2 (Count II), 85-1004-C-2;
CA A36765, A36766, A36767,
A36768, A36769)

722 P2d 738

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem,

argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In this consolidated appeal, defendant appeals four convictions for sexual abuse in the first degree, ORS 163.425, three convictions for contributing to the sexual delinquency of a minor, ORS 163.435, and one conviction for endangering the welfare of a minor. ORS 163.575. The convictions for contributing to the sexual delinquency of a minor arose out of the same occurrences as three of the convictions for sexual abuse, and the trial court merged the former with the latter for sentencing. The court imposed a separate sentence for the conviction for endangering the welfare of a minor to run concurrently with the sentences for sexual abuse and contributing to the sexual delinquency of a minor. We hold that defendant's convictions for sexual abuse must be vacated, because he was convicted under a version of ORS 163.425 which was not in effect at the time of the occurrences, in violation of the prohibition against *ex-post facto* laws found in Article I, section 21, of the Oregon Constitution.[1]

ORS 163.425 currently provides:

"(1)   A person commits the crime of sexual abuse in the first degree when that person:

"(a)   Subjects another person to sexual contact; and

"(A)   The victim is less than 12 years of age; or

"(B)   The victim is subjected to forcible compulsion by the actor; or

"(b)   Subjects another person to sexual intercourse, deviate sexual intercourse or, except as provided in ORS 163.412, penetration of the vagina, anus or penis with any object not a part of the actor's body, and the victim does not consent thereto.

"(2)   Sexual abuse in the first degree is a Class C felony."

In 1983, subsection (1)(b) was added to the statute, effective October 15, 1983. 1983 Or Laws, ch 564, § 1. Defendant's convictions for sexual abuse arose from events that occurred before that amendment became effective. Defendant was tried and convicted in 1985, however, on the theory that he had

---

[1] Or Const, Art I, § 21, provides:

"No *ex-post facto* law * * * shall ever be passed * * *."

violated subsection (1)(b). Defendant argues, the state concedes and we agree that retroactively applying that subsection to defendant's conduct violates the state constitutional prohibition against *ex-post facto* laws.

■ In convicting defendant for sexual abuse in the first degree under subsection (1)(b), the jury did not necessarily find facts from which we can either affirm defendant's convictions on the ground that he violated subsection (1)(a) or modify them to convictions for sexual abuse in the second degree. *See* ORS 163.415.[2] Both sexual abuse in the first degree under subsection (1)(a) and sexual abuse in the second degree require that the defendant subject the victim to "sexual contact." The definition of "sexual contact" is that the contact be made "for the purpose of arousing or gratifying the sexual desire of either party." ORS 163.305(6). The jury was not instructed on that element and did not necessarily find that defendant's sexual intercourse with the victim was done for that purpose. Therefore, we cannot affirm or modify defendant's convictions for sexual abuse in the first degree. Because the trial court tied the sentences on the remaining convictions to those for sexual abuse in the first degree, we remand for resentencing on the convictions for contributing to the sexual delinquency of a minor and endangering the welfare of a minor.

■ In the second assignment of error, defendant contends that his motion for judgment of acquittal should have been allowed as to all charges, because there was insufficient evidence to submit them to a jury. There was sufficient evidence in the testimony of the victim. The court did not err.

Convictions for sexual abuse in the first degree vacated; remanded for resentencing on three convictions for contributing to the sexual delinquency of a minor and one conviction for endangering the welfare of a minor; otherwise affirmed.

---

[2] ORS 163.415 provides, as relevant:

"(1) A person commits the crime of sexual abuse in the second degree if the person subjects another person to sexual contact; and

"(a) The victim does not consent to the sexual contact; or

"(b) The victim is incapable of consent by reason of being under 18 years of age, mentally defective, mentally incapacitated or physically helpless."