Argued and submitted December 29, 1986, affirmed as modified March 4, reconsideration denied April 17, petition for review denied May 5, 1987 (303 Or 370)

STATE OF OREGON,
*Respondent,*

*v.*

ALBERT REESE,
*Appellant.*

(C8507-33009; CA A39285)

733 P2d 495

Sally L. Avera, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals his conviction for murder. He first contends that, because the state failed to provide timely discovery of evidence of blood tests that excluded other suspects, the trial court abused its discretion in admitting that evidence. ORS 135.805 to ORS 135.873. The evidence was not disclosed to defendant until trial, which was only one day after the state had acquired it. Defendant was not prejudiced by that delay. He twice thoroughly cross-examined the criminalist who performed the blood tests. The court did not abuse its discretion in admitting the evidence.

Defendant next contends that the court erred in imposing a mandatory minimum sentence of 25 years. We agree with the state's concession that, because the amendment to ORS 163.115(3) that permits imposition of minimum sentences in murder cases did not take effect until after the murder in this case was committed,[1] applying that amendment here would offend the Oregon Constitution's prohibition against *ex post facto* laws. *See* Or Const, Art I, § 21; *State v. McKinstry,* 80 Or App 325, 327, 722 P2d 738 (1986). We therefore modify the sentence by vacating the mandatory 25-year minimum.

Judgment modified to vacate the minimum sentence; affirmed as modified.

---

[1] The amendment took effect July 14, 1985. *See* Or Laws 1985, ch 763, § 1. The murder occurred May 7, 1985. Before the enactment of chapter 763, the Supreme Court had held that minimum sentences were not authorized in murder cases under Oregon law. *State v. Macy,* 295 Or 738, 741, 671 P2d 92 (1983).