Argued and submitted September 10, 2001, affirmed October 2, petition for review denied December 17, 2002 (335 Or 114)

## BRIAN EDWARD GODIN,
*Appellant,*

*v.*

## Jean HILL,
## Superintendent,
## Eastern Oregon Correctional Institution,
*Respondent.*

## CV 99 1409; A111935

55 P3d 523

Marc Geller argued the cause and filed the brief for appellant.

Ryan Kahn, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Kistler and Brewer,* Judges.

---

* Brewer, J., *vice* Armstrong, J.

BREWER, J.

**BREWER, J.**

Petitioner appeals from a judgment dismissing his petition for post-conviction relief from his convictions for attempted aggravated murder, ORS 163.095, and first-degree assault, ORS 163.185. Although he raises several arguments, we reject all but one without discussion. We address petitioner's argument that he received inadequate assistance of counsel because his trial counsel failed to object to the jury's guilty verdict on the attempted aggravated murder charge as inconsistent with its not guilty verdict on the predicate charge of first-degree robbery. We affirm.

Petitioner was charged with multiple offenses arising out of a single incident, including two counts of attempted aggravated murder, one count of first-degree assault, and one count of first-degree robbery. The amended indictment alleged that defendant committed one count of attempted aggravated murder in the course of committing robbery. The jury unanimously found defendant guilty of that count of attempted aggravated murder and of the first-degree assault charge, and it found him not guilty of the first-degree robbery charge.

Petitioner's trial counsel did not object to the verdict on the attempted aggravated murder charge. After the jury was discharged, however, petitioner moved for a new trial, arguing that his conviction on the attempted aggravated murder charge was inconsistent with his acquittal on the robbery charge. The trial court denied the motion on three grounds: (1) it was untimely made; (2) the court was "not sure that [the verdict] isn't a consistent verdict"; and (3) inconsistency of verdicts is not a basis on which to grant a new trial. Petitioner's convictions were affirmed without opinion on direct appeal. *State v. Godin*, 155 Or App 488, 967 P2d 530 (1998), *rev den*, 328 Or 275 (1999). Petitioner then brought this action for post-conviction relief asserting, as pertinent here, that his trial counsel was inadequate in failing to make a timely objection to the allegedly inconsistent verdicts. He appeals from the judgment dismissing his petition.

To prevail on his claim for post-conviction relief, petitioner must establish that his counsel failed to exercise

reasonable professional skill and judgment and that he was prejudiced as a result of that failure. *Davis v. Armenakis*, 151 Or App 66, 69, 948 P2d 327 (1997), *rev den*, 327 Or 83 (1998). In this case, petitioner has not demonstrated that his counsel failed to exercise reasonable professional skill and judgment. We need not consider the parties' arguments concerning whether the verdicts can be harmonized. *See State v. Mendez*, 308 Or 9, 14, 774 P2d 1082 (1989) (if questioned verdicts can be harmonized, they are not legally inconsistent). Even if the verdicts were inconsistent, we have followed the rule that jury verdicts in criminal cases need not be consistent. *See, e.g., State v. Bryan*, 140 Or App 446, 447, 915 P2d 482, *rev den*, 324 Or 464 (1996); *State v. Watkins*, 67 Or App 657, 660, 679 P2d 882, *rev den*, 297 Or 272 (1984).[1] We continue to adhere to that rule.

Petitioner's trial counsel was not inadequate in failing to object to the attempted aggravated murder verdict on the ground that it was inconsistent with the acquittal on the robbery charge.

Affirmed.

---

[1] In *Mendez*, the Supreme Court was able to harmonize the questioned verdicts and, therefore, after noting this court's decisions, declined to consider its "authority to overturn criminal convictions on the ground of inconsistent verdicts." 308 Or at 14 n 7.