Argued January 6, proceeding dismissed January 22, 1964

## STATE EX REL VAN HOOMISSEN v. BURKE

### 388 P. 2d 467

*Vincent G. Ierulli,* Deputy District Attorney, Portland, argued the cause for plaintiff. With him on the brief was George Van Hoomissen, District Attorney, Portland.

*James M. Hafey,* Portland, argued the cause and filed a brief for defendant.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan, O'Connell, Goodwin and Denecke, Justices.

PER CURIAM.

This is an original proceeding in mandamus filed in this court by the relator, George Van Hoomissen, as district attorney for Multnomah county, against the Honorable Richard J. Burke, a judge of the circuit court for said county. The proceeding is pending on a demurrer to the alternative writ. The question posed is whether the defendant had authority to place one William Verne Coulson on probation, or was required by law to sentence said Coulson to a term in the penitentiary.

It appears from the alternative writ that Coulson was indicted for a violation of ORS 166.270, which forbids an ex-convict to possess a firearm, and on May 22, 1963 entered a plea of guilty to the crime charged. ORS 166.230 provides *inter alia* that in no case shall any person punishable under ORS 166.270 be granted probation by the trial court. Notwithstanding the provisions of ORS 166.230 the trial court placed Coulson on probation for a period of two years. The judge relied on ORS 137.510, which authorizes the trial courts to suspend the imposition of sentence for any crime or offense and to place a defendant on probation for not more than five years.

The relator contends that the more specific statute, ORS 166.230, controls over the general statute, ORS 137.510, and that the trial court had no choice but to impose sentence on Coulson.

It appears that this proceeding has become moot and should be dismissed. We are informed that after

this proceeding was instituted Coulson violated the terms of his probation, and was sentenced on September 13, 1963 by Judge Burke to a term in the penitentiary not to exceed five years.

■ It would serve no purpose to command the defendant to perform an act which he already has fully performed, and the question presented is not of sufficient public interest to require that we decide it at this time. The conflict, if any, between the two statutes may be eliminated by legislative action. Our policy of declining to decide moot questions is well established. *Greyhound Park v. Ore. Racing Com.,* 215 Or 76, 332 P2d 634 (1958).

The proceeding is dismissed.