Argued and submitted November 15, 1991, affirmed January 22, reconsideration denied May 27, petition for review pending 1992

STATE OF OREGON,
*Respondent,*

*v.*

CALVIN LLOYD MACY,
*Appellant.*

(27992; CA A66654)

824 P2d 428

Steven H. Gorham, Salem, argued the cause and filed the brief for appellant.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant appeals a judgment imposing consecutive life sentences for two murder convictions. We affirm.

A jury found defendant guilty on two counts of murder. The trial court sentenced him to two life sentences, to be served concurrently. On the basis of *State v. Shumway*, 291 Or 153, 630 P2d 796 (1981), we vacated his sentence and remanded for resentencing, because the trial court had erroneously imposed a 25-year minimum, which had been mandatory under ORS 163.115(5).[1] *State v. Macy*, 56 Or App 859, 643 P2d 877 (1982). On remand, the trial court sentenced defendant to consecutive terms with a 10-year minimum. Defendant appealed, and we affirmed. On review, the Supreme Court vacated the 10-year minimum. *State v. Macy*, 62 Or App 477, 661 P2d 586, *rev'd* 295 Or 738, 671 P2d 92 (1983).

Defendant then filed a petition for post-conviction relief, claiming that he was denied effective assistance of counsel, because his lawyer on his second appeal failed to assign error to the imposition of consecutive sentences. On the basis of *State v. Stockman*, 43 Or App 235, 603 P2d 363 (1979), the post-conviction court found that the consecutive sentences imposed on remand were unlawful because they were more severe than his original sentence. As a remedy, the post-conviction court granted defendant a "delayed appeal from the second set of sentences imposed." Neither party appealed from that judgment. Instead, defendant filed this appeal, challenging the judgment of the trial court that imposed the consecutive sentences.

The post-conviction court could only find that defendant was denied effective assistance of appellate counsel if it found that the imposition of consecutive sentences was unlawful. In the light of its findings, it should have vacated

---

[1] At the time, ORS 163.115(5) provided:

"Except when a sentence of death is imposed * * *, a person convicted of murder shall be punished by imprisonment for life and shall be required to serve not less than 25 years before becoming eligible for parole."

The Supreme Court held the 25-year minimum unconstitutional in *State v. Shumway*, 291 Or 153, 630 P2d 796 (1981).

the consecutive aspect of the sentences.[2] The court lacked authority to grant defendant another appeal. *See State v. Lloyd*, 109 Or App 213, 818 P2d 982 (1991). Therefore, we lack authority to do anything but affirm the trial court's judgment imposing consecutive life sentences.

Affirmed.

---

[2] We express no opinion on whether the imposition of consecutive sentences on remand was impermissible.