Argued and submitted August 28, affirmed November 12, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# ROSS ALLEN LITTLE,
*Appellant.*

## (CR 91-321; CA A72506)

842 P2d 414

Jesse Wm. Barton, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Harrison S. Latto, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

**De MUNIZ, J.**

Defendant pleaded guilty to sexual abuse in the first degree, *former* ORS 163.425(2), a Class C felony.[1] His placement on the sentencing guidelines grid block was 8-G, with a presumptive prison term of 21-22 months. The court imposed an upward departure sentence of 36 months in prison with a post-prison supervision term of 36 months under OAR 253-05-002(2)(c). Defendant argues that the court erred, because his total sentence of 72 months is beyond the five-year limit of 60 months for a Class C felony under ORS 161.605(3).[2] He argues that, under OAR 253-05-002(4), his terms of incarceration and post-prison supervision must be in conformity with the statutory maximum. OAR 253-05-002(4) provides:

> "The term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum sentence for the crime of conviction. When the total duration of any sentence (prison incarceration and post-prison supervision) exceeds the statutory maximum sentence, the sentencing judge shall reduce the duration of post-prison supervision to the extent necessary to conform the total sentence length to the statutory maximum."

The state agrees that the first sentence of the rule appears to require that the combined prison term and post-prison term not exceed the maximum of ORS 161.605(3). However, it argues that, when the two sentences are read together and applied to the grid block, the rule does not make sense, unless it is held to apply only in those cases in which the court imposes the presumptive sentence.

Whether an upward departure sentence may exceed the statutory maximums in ORS 161.605 is not expressly answered in the rules or statutes. It is one more example of the contradictions brought about by the legislature's decision to graft a new sentencing scheme onto the former one. *See State v. Morgan*, 116 Or App 338, 842 P2d 406 (1992). ORS 161.605 provides:

---

[1] In 1991, the legislature reclassified sexual abuse in the first degree as a Class B felony. Or Laws 1991, ch 830, § 3 (codified as ORS 163.427(2)). That change does not apply here.

[2] Because defendant argues that the court exceeded its authority, the state agrees that he may raise his claim on appeal, although he did not object below.

"The maximum term of an indeterminate sentence of imprisonment for a felony is as follows:

"(1)   For a Class A felony, 20 years.

"(2)   For a Class B felony, 10 years. .

"(3)   For a Class C felony, 5 years.

"(4)   For an unclassified felony as provided in the statute defining the crime."

ORS 161.605 prescribes the maximum prison terms under the former *indeterminate* sentencing scheme. *See State v. Haydon*, 113 Or App 205, 832 P2d 457, *on recon* 116 Or App 347, 842 P2d 410 (1992). Sentencing guidelines provide for *determinate* sentences. *See* OAR 253-02-001(3)(b). Only if ORS 161.605(3) was impliedly amended to eliminate the word "indeterminate" could it apply generally to the determinate sentences imposed under the guidelines.

■■   Amendments by implication are not favored, *Balzer Mch. v. Klineline Sand & Grav.*, 271 Or 596, 601, 533 P2d 321 (1975), and the state argues that we should not presume that the legislature's failure to amend ORS 161.605 was "an oversight that needs judicial correction." As the state points out, part of the act directing the Oregon Criminal Justice Council to develop the guidelines included directions to the council to submit a list of statutes that should be amended or repealed in connection with adoption of the guidelines. Or Laws 1987, ch 619, § 7(1). The council worked for almost a year and a half before submitting the guidelines to the legislature, but nowhere in the 136 sections of the implementing act did the legislature specifically make the maximums established in ORS 161.605 *generally* applicable to sentences imposed under the guidelines.

That omission is in contrast to the specific amendment of ORS 137.120.[3] Before the guidelines, what is now

---

[3] ORS 137.120 provides:

"(1)   Whenever any person is convicted of a felony committed prior to November 1, 1989, the court shall, unless it imposes other than a sentence to serve a term of imprisonment in the custody of the Department of Corrections, sentence such person to imprisonment for an indeterminate period of time, but stating and fixing in the judgment and sentence a maximum term for the crime, which shall not exceed the maximum term of imprisonment provided by law

subsection (1) of that statute outlined the structure of a sentence for a person convicted of a felony, which "shall be known as an indeterminate sentence." As part of the guidelines legislation, that definition of an indeterminate sentence was not changed; it was amended to apply only to felonies committed before November 1, 1989. The legislature added subsection (2), which expressly provides that felonies committed on or after November 1 are to be sentenced "in accordance with rules of the State Sentencing Guidelines Board," *i.e.*, by determinate sentences. The state's position is that, in the light of the legislative understanding of the nature of indeterminate sentences reflected in the changes to ORS 137.120, it is reasonable to conclude that the maximum terms of ORS 161.605 no longer have general application.[4]

The gravamen of the state's position is that, if ORS 161.605(3) applies generally to OAR 253-05-002(4), the rule is not in harmony with other guidelines legislation. Under OAR 253-05-002(4), if the terms of prison and post-prison supervision exceed the statutory maximum, then the post-prison term must be reduced. That requirement makes sense for presumptive terms. There is no grid block under which a presumptive prison term by itself could exceed the statutory maximum. However, there are several grid blocks under which a presumptive prison term, when combined with the mandatory term of post-prison supervision that must be imposed under OAR 253-05-002(2), exceeds the statutory maximum. For example, the post-prison supervision term for crime categories 7 through 11 is 36 months. Class C felonies sentenced under grid blocks 7-A, 7-B, or 8-A through 8-E have

---

therefor; and judgment shall be given accordingly. Such a sentence shall be known as an indeterminate sentence. The court shall state on the record the reasons for the sentence imposed.

"(2)   Whenever any person is convicted of a felony committed on or after November 1, 1989, the court shall impose sentence in accordance with rules of the State Sentencing Guidelines Board.

"(3)   This section does not affect the indictment, prosecution, trial, verdict, judgment or punishment of any felony committed before June 14, 1939, and all laws now and before that date in effect relating to such a felony are continued in full force and effect as to such a felony."

[4] The state also points out that the legislature also specifically provided that ORS 161.605 would apply to consecutive sentences, ORS 137.121, and to attempts and solicitations. OAR 253-04-005.

presumptive prison terms that would exceed the 24 months available after deducting the mandatory 36 months of post-prison supervision.

OAR 253-08-004 allows an upward departure sentence of up to double the maximum presumptive incarceration term. Consequently, when that kind of sentence is imposed, there are several grid blocks wherein a prison term might *by itself* exceed the statutory maximum of ORS 161.605. For example, a Class A felony ranked in category 10 on the Crime Seriousness Scale has a presumptive prison term of 121 to 130 months. The maximum upward departure results in a prison term beyond 20 years, the maximum under ORS 161.605.[5] If OAR 253-05-002(4) applies in those instances, the sentencing court, no matter how aggravating the circumstances, would have to impose less than the maximum upward departure term, or the offenders would not serve a term of post-prison supervision.

The state urges that the principle of post-prison supervision is an integral aspect of the guidelines. It is a transitional period for a prisoner and reflects the traditional community supervision policies that are also part of the parole system. *See Oregon Sentencing Guidelines Implementation Manual* 91 (1989). The state contends that, if OAR 253-05-002(4) controls only presumptive sentences, the rule would comport with the traditional policy: A court could impose the maximum upward departure and still comply with the mandates regarding post-prison supervision; because no presumptive prison term exceeds the statutory maximums in ORS 161.605, all presumptive sentences will include a term of post-prison supervision.

We agree with the state's analysis. The guidelines mandate a term of post-prison supervision. ORS 137.010(10) requires that every judgment include the length of incarceration and the length of post-prison supervision. *See also* OAR 253-05-005. As one of the basic principles underlying the guidelines, OAR 253-02-001(3)(c) provides, in part, that "[a]ll offenders released from prison will be under post-prison

---

[5] Class B felonies, ranked in category 9 in grid block 9-A or 9-B, and Class C felonies, ranked in category 7 or 8 in grid blocks 8-A, 8-B, 8-C and 7-A, would also exceed the statutory terms, if maximum upward departures were imposed.

supervision for a period of time." That principle has been incorporated into OAR 253-05-002(1), which requires that "[a] term of community supervision shall be imposed as part of the sentence for any offender who is sentenced to prison as provided by the rules or as a departure." It would be anomalous to construe the rules to provide that the most serious offenders requiring the longest terms of incarceration would be released from custody with a minimal supervision term.

The premise underlying the guidelines is that the presumptive sentence is, in most cases, sufficient to punish offenders appropriately and to ensure the security of the public. *State v. Wilson*, 111 Or App 147, 150, 826 P2d 1010 (1992). Departure sentences are exceptional, to be imposed only when aggravating or mitigating circumstances provide substantial and compelling reasons. The legislature has expressly provided that, notwithstanding any other provision of law, the maximum sentence to be imposed for aggravating circumstances is to be according to the guidelines rules. ORS 137.080(2).[6] Holding that the rules provide the maximum term for upward departures and that OAR 253-05-002(4) applies only to presumptive sentences is consistent with the principles of the guidelines and harmonious with the other guidelines rules and statutes.

Defendant's prison sentence did not exceed the maximum authorized by OAR 253-08-004(1), and his post-prison term is the one prescribed by OAR 253-05-002(2)(c). The court did not err.

Affirmed.

---

[6] ORS 137.080(2) provides:

"*Notwithstanding any other provision of law*, the consideration of aggravating and mitigating circumstances as to felonies committed on or after November 1, 1989, *including the maximum sentence that may be imposed because of aggravating circumstances*, shall be in accordance with rules of the State Sentencing Guidelines Board." (Emphasis supplied.)