Argued and submitted May 5, decision of the Court of Appeals reversed, and case remanded to the Court of Appeals with instructions May 20, 1993

# STATE OF OREGON,
*Respondent on Review,*

*v.*

# CALVIN LLOYD MACY,
*Petitioner on Review.*

## (CC 27992; CA A66654; SC S39053)

851 P2d 579

Steven H. Gorham, Salem, argued the cause and filed the petition for petitioner on review.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause and filed the response for respondent on review. With him on the response were Charles S. Crookham, Attorney General, and Virginia Linder, Solicitor General, Salem.

PER CURIAM

## PER CURIAM

In this criminal case, defendant brought a delayed appeal that had been authorized by a post-conviction court.[1] The Court of Appeals declined to reach the merits posed by that delayed appeal, holding instead that the post-conviction court "lacked authority to grant defendant another appeal." *State v. Macy*, 111 Or App 83, 86, 824 P2d 428 (1992). Under those circumstances, the court held, it had no choice but to affirm defendant's conviction. *Ibid.* The Court of Appeals erred. In 1969, this court recognized that the Post-Conviction Hearing Act, ORS 138.510 to 138.680, "authorizes granting of a delayed appeal when necessary to rectify a substantial denial of constitutional rights." *Shipman v. Gladden*, 253 Or 192, 204, 453 P2d 921 (1969). There has been no change to the Act that alters that determination.[2] *See, e.g., Baugh v. Bryant Limited Partnerships*, 312 Or 635, 643 n 10, 825 P2d 1383 (1992) (Supreme Court interpretation of statute becomes part of statute).

The decision of the Court of Appeals is reversed. The case is remanded to the Court of Appeals with instructions to consider the merits of defendant's appeal.

---

[1] The post-conviction proceeding was entitled *Macy v. Maass*, Marion County case 87-C-11388. The judgment granting a delayed appeal as a form of post-conviction relief was based on a finding of inadequate assistance of appellate counsel in an earlier appeal. Neither side appealed from the granting of post-conviction relief.

[2] In *Shipman v. Gladden*, 253 Or 192, 204, 453 P2d 921 (1969), this court relied on ORS 138.520, which at the time of that decision provided (and still provides) in part:

"The relief which a court may grant or order under ORS 138.510 to 138.680 shall include release, new trial, modification of sentence, and such other relief as may be proper and just."