## STATE OF OREGON,
*Respondent,*

*v.*

## CALVIN LLOYD MACY,
*Appellant.*

(27992; CA A66654)

866 P2d 509

Steven H. Gorham argued the cause and filed the brief for appellant.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

This case is before us on remand from the Oregon Supreme Court. 316 Or 335, 851 P2d 579 (1993). A jury found defendant guilty of two counts of murder. *Former* ORS 163.115(5).[1] The court imposed concurrent life sentences. In addition, the court imposed a 25-year mandatory minimum, pursuant to *former* ORS 163.115(5). At that time, *former* ORS 163.115(5) provided:

"Except when a sentence of death is imposed * * *, a person convicted of murder shall be punished by imprisonment for life and shall be required to serve not less than 25 years before becoming eligible for parole."

Accordingly, each life sentence included the requirement that defendant "not serve less than 25 years before becoming eligible for parole."

After defendant's sentences were imposed, the Oregon Supreme Court, in *State v. Shumway*, 291 Or 153, 630 P2d 796 (1981), held that the 25-year minimum, under *former* ORS 163.115(5), constituted a disproportionate sentence in violation of Article I, section 16, of the Oregon Constitution. Defendant appealed, and, on the basis of *Shumway*, we vacated his sentence and remanded for resentencing.[2] *State v. Macy*, 56 Or App 859, 643 P2d 877 (1982).

On remand, the trial court sentenced defendant to consecutive life terms and, pursuant to ORS 144.110(1),[3] imposed a 10-year mandatory minimum term on the second count. Defendant again appealed, and we affirmed. *State v. Macy*, 62 Or App 477, 661 P2d 586 (1983). On review, the Oregon Supreme Court held that the 10-year minimum portion of the sentence was in error and vacated it. *State v. Macy*, 295 Or 738, 742, 671 P2d 92 (1983). It reasoned that, because

---

[1] *Former* ORS 163.115(5) was renumbered ORS 163.115(3) in 1981 and amended by Or Laws 1981, ch 873, § 5.

[2] We note that, in *Shumway*, the Supreme Court did not remand for resentencing. Instead, the court vacated the 25-year minimum but affirmed the life term. 291 Or at 164. Defendant did not petition for review of our decision to remand for resentencing.

[3] ORS 144.110(1) provides:

"In any felony case, the court may impose a minimum term of imprisonment of up to one-half of the sentence it imposes."

the legislature enacted no provision for imposing a minimum term under the murder statute, *former* ORS 163.115, the legislature never intended to impose a minimum term for life imprisonment. It concluded that ORS 144.110(1) did not apply to a life sentence. 295 Or at 741.

In 1989, defendant filed a petition for post-conviction relief. He claimed that he was denied effective assistance of counsel, because his lawyer on his second appeal failed to assign error to the imposition of consecutive sentences. On the basis of *State v. Stockman*, 43 Or App 235, 603 P2d 363 (1979), the post-conviction court found that the consecutive sentences imposed on remand were unlawful, because they were more severe than defendant's original sentence. As a remedy, the post-conviction court granted defendant a "delayed appeal from the second set of sentences imposed." Neither party appealed from the post-conviction decision.

Defendant filed the "delayed" appeal, arguing that the consecutive life sentences imposed on remand after the first appeal were unlawful. Without reaching the merits, we held that the post-conviction court could find that defendant was denied effective assistance of counsel only if it found that the imposition of consecutive sentences was unlawful. *State v. Macy*, 111 Or App 83, 85, 824 P2d 428 (1992). We held that, in the light of the post-conviction court's findings, it should have vacated the consecutive aspect of the sentences. 111 Or App at 85-86. Relying on *State v. Lloyd*, 109 Or App 213, 818 P2d 982 (1991), *rev dismissed* 315 Or 268, 844 P2d 194 (1992), we reasoned that, because defendant had already had a direct appeal, the only appropriate remedy in a post-conviction proceeding was to vacate the sentence and remand for resentencing. We concluded that we lacked the authority to do anything except affirm the consecutive sentences. *State v. Macy, supra*, 111 Or App at 86.

Defendant petitioned for review. The Supreme Court disagreed with our rationale for declining to reach the merits of the appeal. It held that the post-conviction court has the authority to grant a delayed appeal:

> "In 1969, this court recognized that the Post-Conviction Hearing Act, ORS 138.510 to 138.680, 'authorizes granting of a delayed appeal when necessary to rectify a substantial denial of constitutional rights.' *Shipman v. Gladden*, 253 Or

192, 204, 453 P2d 921 (1969). There has been no change to the Act that alters that determination. *See, e.g., Baugh v. Bryant Limited Partnerships*, 312 Or 635, 643 n 10, 825 P2d 1383 (1992) (supreme court interpretation of statute becomes part of statute)." *State v. Macy*, 316 Or 335, 337, 851 P2d 579 (1993). (Footnote omitted.)

Accordingly, the court remanded the case for us to decide it on the merits.

■ The issue is whether the court, on remand, after defendant's first appeal, erred in sentencing him to consecutive life terms. Defendant correctly states that, on remand after a successful appeal, a court cannot impose a sentence that is more severe than the original sentence. *State v. Stockman, supra*, 43 Or App at 242; *see also State v. Turner*, 247 Or 301, 313, 429 P2d 565 (1967). He asserts that the consecutive life terms that were imposed after his first appeal are more severe than the originally imposed concurrent life terms, because consecutive life terms double his length of imprisonment.

■ Defendant was sentenced under an indeterminate sentencing scheme. *See State v. Little*, 116 Or App 322, 325, 842 P2d 414 (1992). Under that scheme, the court can, with almost unfettered discretion, impose any term of imprisonment up to the maximum term specified for the offense. *State v. Dinkel*, 34 Or App 375, 579 P2d 245 (1978), *rev den* 285 Or 195 (1979). When defendant was resentenced on remand, the only sentence that could be imposed for murder, committed in violation of *former* ORS 163.115, was an indeterminate life term. Under the indeterminate scheme, the Board of Parole calculates the actual term of imprisonment for all felony offenses, including murder, by applying a matrix system. Under the parole matrix, the Board of Parole retains broad discretion to determine the length of imprisonment and the power to deny parole for certain reasons.

Theoretically, defendant is correct that consecutive terms of imprisonment are more severe than concurrently imposed terms of imprisonment, when the length of imprisonment for each term is for a specified number of years. That is so because an offender sentenced to concurrent terms receives credit on each sentence for each day served, while the consecutively sentenced offender must completely serve the

first sentence before beginning to earn credit on the second sentence. However, that theoretical analysis has no application when the term of imprisonment is measured solely by the offender's life.

In *State v. Turner*, 296 Or 451, 676 P2d 873 (1984), the defendant claimed that the minimum terms of imprisonment imposed on his convictions for rape and kidnapping were unconstitutionally disproportionate, because an offender sentenced for murder might be paroled in less time. In rejecting that claim, the Supreme Court said:

> "We do not choose to speculate what the present or some future Parole Board might do in setting parole release dates for prisoners. We examine only the sentences as imposed by the trial judge." 296 Or at 457.

Like the court in *Turner*, we examine only the sentences as imposed by the trial judge. We decline to speculate about how some Board of Parole will treat defendant's sentences, how it will determine defendant's actual length of imprisonment, or whether defendant will ever be paroled. We cannot conclude that the sentence defendant received on remand is more severe than the sentence originally imposed.

Affirmed.