Argued and submitted September 1, decision of the Court of Appeals vacated and case remanded to the Court of Appeals with instructions to dismiss the appeal December 8, 1994

# STATE OF OREGON,
*Respondent on Review,*

*v.*

# CALVIN LLOYD MACY,
*Petitioner on Review.*

## (CC 27992; CA A66654; SC S41215)

886 P2d 1010

Steven H. Gorham, Salem, argued the cause and filed the petition for petitioner on review.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause and filed a brief for respondent on review. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

CARSON, C. J.

## CARSON, C. J.

More than 13 years ago, in March 1981, a jury found defendant guilty of two counts of murder. Under ORS 163.115(5) (1979),[1] the trial court imposed two concurrent life sentences with a 25-year mandatory minimum term. On appeal, the Court of Appeals vacated defendant's sentence and remanded for resentencing on the basis of *State v. Shumway*, 291 Or 153, 630 P2d 796 (1981), which held that the 25-year minimum term violated Article I, section 16, of the Oregon Constitution.[2] *State v. Macy*, 56 Or App 859, 643 P2d 877 (1982).

On remand, the trial court sentenced defendant to two consecutive life sentences, with a 10-year mandatory minimum term on one count. On review of that sentence, this court held that the legislature did not intend to allow a trial court to set a minimum term of imprisonment for a life sentence; this court vacated the part of the sentence imposing the 10-year minimum term. *State v. Macy*, 295 Or 738, 741-42, 671 P2d 92 (1983).

Four years later, in 1987, defendant filed a petition for post-conviction relief, arguing that he was denied adequate assistance of counsel because his lawyer on appeal from the resentencing did not challenge the imposition of the consecutive life sentences. The post-conviction court granted defendant a delayed appeal on that ground. Defendant filed the delayed appeal, arguing that the consecutive life sentences were unlawful. The Court of Appeals held that the post-conviction court should have vacated the sentences and that the post-conviction court had no authority to grant defendant another appeal. *State v. Macy*, 111 Or App 83, 85-86, 824 P2d 428 (1992). On review of that decision, this court held that the post-conviction court did have authority to grant a delayed appeal. *State v. Macy*, 316 Or 335, 337, 851

---

[1] ORS 163.115(5) (1979) provided, in part:

"Except when a sentence of death is imposed * * *, a person convicted of murder shall be punished by imprisonment for life and shall be required to serve not less than 25 years before becoming eligible for parole."

[2] Article I, section 16, provides, in part:

"Excessive bail shall not be required, nor excessive fines imposed. Cruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense."

P2d 579 (1993). This court remanded the case to the Court of Appeals to decide the matter on the merits.

On remand to the Court of Appeals, defendant argued that the trial court erred in imposing a more severe sentence on remand after appeal. Defendant argued that the two *consecutive* life sentences that the trial court imposed on resentencing were more severe than the original *concurrent* life sentences. The Court of Appeals held that the trial court did not err in sentencing defendant to consecutive life sentences, because both consecutive and concurrent life sentences are measured by defendant's life; thus, the sentences imposed on remand were not more severe than the original ones. *State v. Macy*, 125 Or App 649, 654, 866 P2d 509 (1994).

Defendant again petitioned for review in this court, and we again allowed review. Defendant's only assignment of error in this case is that the trial court improperly resentenced him to consecutive, rather than concurrent, life sentences. The error, according to defendant, is that the consecutive sentences are impermissibly more severe than his original, concurrent sentences. It was that question that prompted this court to allow review.

However, during briefing and oral argument in this court, both parties acknowledged that, in 1989, the State Board of Parole and Post-Prison Supervision, in calculating defendant's term of imprisonment, "unsummed" the consecutive ranges for defendant's life sentences for murder and treated the matrix ranges for the two sentences as if they were concurrent. *See* ORS 144.783(2) ("The duration of imprisonment pursuant to consecutive sentences may be less than the sum of the terms * * * if the board finds * * * that consecutive sentences are not appropriate penalties for the criminal offenses involved and that the combined terms of imprisonment are not necessary to protect community security."). Having treated defendant's sentences as if they were concurrent, the Board then applied aggravating and mitigating factors, and set his prison term at 216 months. *See* OAR 255-35-018 (when concurrent sentences exist, the board is to set a term of imprisonment based on the crime that provides the longest term).

The discovery of that event raises a preliminary question that we must answer. We must decide whether the question presented on review is moot. First, at the time that defendant committed the murders, the murder statute provided: "Except when a sentence of death is imposed * * *, a person convicted of murder shall be punished by imprisonment for life and shall be required to serve not less than 25 years before becoming eligible for parole." ORS 163.115(5) (1979). In *State v. Shumway, supra*, this court struck down the mandatory minimum part of the sentence but held that the "statutory provision requiring a life sentence is valid." 291 Or at 164. In a separate case, this court also struck down the death penalty provision in force at the time because it authorized a trial court to determine a "mental state different and greater than that found by the jury." *State v. Quinn*, 290 Or 383, 407, 623 P2d 630 (1981). Consequently, at the time defendant committed the murder, the only valid sentence upon conviction for murder was life imprisonment. It follows that, if this court were to find that the trial court's imposition of consecutive life sentences was improper, the only sentencing option available would be the imposition of concurrent life sentences.

Secondly, this court has held that "[c]ases that are otherwise justiciable, but in which a court's decision no longer will have a practical effect on or concerning the rights of the parties, will be dismissed as moot." *Brumnett v. PSRB*, 315 Or 402, 406, 848 P2d 1194 (1993). *See also Oregon Republican Party v. State of Oregon*, 301 Or 437, 722 P2d 1237 (1986) (court dismissed as moot an action to allow the solicitation of absentee ballot requests for an election that already had been held). Currently, defendant is serving a term of imprisonment based on the matrix for concurrent life sentences. Therefore, as things now stand, defendant will serve a term of imprisonment under the same matrix that he would if this court were to hold that the trial court erred in imposing consecutive sentences.

Moreover, there presently is no mechanism in place for the State Board of Parole and Post-Prison Supervision to "resum" the range of terms of imprisonment. Defendant argues that the Board could promulgate a new rule, giving itself the power to "resum" terms of imprisonment and that,

if it were to do so, it could reset defendant's term of imprisonment under the matrix for consecutive sentences.

We decline to decide this case on the mere possibility that the Board can and will assume that authority and then will exercise it in defendant's case. *See Hay v. Dept. of Transportation*, 301 Or 129, 133-34, 719 P2d 860 (1986) (challenge to expired agency rule dismissed as moot even though agency could readopt the rule at " 'any time it chooses' "). *See also Brumnett v. PSRB, supra*, 315 Or at 406-07 (challenge to PSRB order keeping petitioner confined in Oregon State Hospital moot after petitioner released from supervision even though state might later attempt to assess costs for his care during the time petitioner claimed he was wrongfully hospitalized); *State ex rel Van Hoomissen v. Burke*, 236 Or 366, 368, 388 P2d 467 (1964) (mandamus proceeding that prosecutor brought to force judge to impose five-year sentence on defendant rather than two-year probation dismissed as moot after defendant violated terms of probation and judge imposed five-year sentence).

No matter how this case would be decided on the merits, our decision would have no practical effect. Accordingly, this case does not present a justiciable controversy. Because the events that rendered this case moot occurred before the Court of Appeals disposed of the case, this case was moot before that court as well.

The decision of the Court of Appeals is vacated. The case is remanded to the Court of Appeals with instructions to dismiss the appeal.