Argued and submitted June 25, remanded with instructions October 1, 1997

# STATE OF OREGON,
*Appellant,*

*v.*

# CHARLES ANTHONY LEWIS,
*Respondent.*

(95-071680; CA A92621)

945 P2d 661

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

David C. Degner, Deputy Public Defender, waived appearance for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

**WARREN, P. J.**

Pursuant to ORS 138.222(7), the state appeals the sentence imposed after defendant was convicted of assault in the first degree with a firearm, ORS 163.185, for an offense committed in July 1995. The court found that defendant came within grid block 10-I on the sentencing guidelines grid, with a presumptive term of incarceration of 58-60 months. However, the court imposed sentence of 90 months, pursuant to ORS 137.700, the codification of Ballot Measure 11, adopted by the people in 1994. Rejecting the state's argument, the court concluded that ORS 137.700 "replaced" the sentencing guidelines with respect to the crimes that it covered and refused to impose any period of post-prison supervision pursuant to OAR 213-05-002.[1]

The state appeals the court's refusal to impose post-prison supervision. The state argues that the court erred in concluding that ORS 137.700 superseded OAR 213-05-002. It contends that there is nothing on the face of ORS 137.700 that expressly or impliedly purports to eliminate a sentencing court's obligation under ORS 213-05-002 to impose a term of post-prison supervision in addition to the incarceration term of the sentence. ORS 137.700(1) provides:

"When a person is convicted of one of the offenses listed in subsection (2) of this section [which includes assault in the first degree] and the offense was committed on or after April 1, 1995, the court shall impose, and the person shall serve, at least the entire term of imprisonment listed in subsection (2) of this section. *The person is not, during the service of the term of imprisonment, eligible for release on post-prison supervision* or any form of temporary leave from custody. The person is not eligible for any reduction in the sentence for any reason whatsoever under ORS 421.120, 421.121 or any other statute. The court may impose a greater sentence if otherwise permitted by law, but may not impose a lower sentence than the sentence specified in subsection (2) of this section." (Emphasis supplied.)

---

[1] OAR 213-05-002 sets out the duration of post-prison supervision terms. Subsection (1) provides, in part, that "[a] term of community supervision is part of the sentence for any offender who is sentenced to prison."

We agree with the state. Under ORS 137.010(1) a sentencing court must pass sentence "in accordance with rules of the Oregon Criminal Justice Commission unless otherwise specifically provided by law" and, under ORS 137.010(10) every judgment "shall state the length of incarceration and the length of post-prison supervision." ORS 137.700 specifically provides a minimum term of incarceration. It does not, however, also specifically provide that rules of post-prison supervision no longer apply, and there is no inconsistency in imposing a mandatory minimum term under ORS 137.700 and a term of post-prison supervision as required by the guidelines rules. *See State ex rel Huddleston v. Sawyer*, 324 Or 597, 603, 932 P2d 1145 (1997) (felony sentencing guidelines contain a means to harmonize potential conflicts between presumptive sentence and statutorily mandated term of imprisonment and enactment of statutorily mandated term of imprisonment does not erase the applicability of the felony sentencing guidelines as a whole).

The policy underlying imposition of a post-prison supervision term is not identical to that for incarceration. In *State v. Little*, 116 Or App 322, 842 P2d 414 (1992), we addressed the issue of whether the version of the guidelines then in effect should be construed to preclude the imposition of a term of post-prison supervision if the court imposed an upward departure sentence that, if added to the term of post-prison supervision, would exceed the statutory maximum indeterminate sentence for the conviction.[2] We explained:

> "As one of the basic principles underlying the guidelines, OAR 253-02-001(3)(c) provides, in part, that '[a]ll offenders released from prison will be under post-prison supervision for a period of time.' That principle has been incorporated into OAR 253-05-002(1) [1991], which requires that [a] term of community supervision shall be imposed as part of

---

[2] After *Little* was decided, the guidelines were amended to provide that a term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum indeterminate sentence. OAR 213-05-002(4). Defendant's conviction is within crime category 10 and, under OAR 213-05-002(2), has a three-year term of post-prison supervision. Defendant's conviction of assault in the first degree is a Class A felony, which has an indeterminate sentence of imprisonment of 20 years. ORS 161.605. Thus, there is no issue here that defendant's incarceration term under ORS 137.700 of 90 months would exceed the statutory indeterminate sentence if it were added to the three-year term of post-prison supervision.

the sentence for any offender who is sentenced to prison as provided by the rules or as a depart re.' It would be anomalous to construe the rules to provide that the most serious offenders requiring the longest terms of incarceration would be released from custody with a minimal supervision term." *Id.* at 327-28.

That anomalous result would also occur here if we construed ORS 137.700 as superseding OAR 213-05-002: The most serious offenders—the offenders the people have determined shall be incarcerated for a specific minimum term—would be released without any supervision. Nothing on the face of ORS 137.700 suggests that the voters intended such a result. *See State v. Guzek*, 322 Or 245, 265, 906 P2d 272 (1995) (in interpreting statute enacted by initiative, court's task is to discern intent of voters who passed the initiative and the text is the best evidence of voters' intent). In fact, the contrary intention is shown by the express provision in ORS 137.700 that the person is not eligible for post-prison supervision while serving the term of incarceration. That provision would be meaningless if ORS 137.700 had replaced all of the guidelines rules. ORS 137.700 did not supersede OAR 213-05-002, and the trial court erred in refusing to impose a term of post-prison supervision.

Remanded with instructions to enter a corrected judgment imposing a 36-month term of post-prison supervision in addition to the 90-month prison sentence.