Argued and submitted March 19, affirmed May 29, 2002

## CALEB RODNEY LAYTON,
*Respondent,*

*v.*

## Guy HALL,
Superintendent,
Santiam Correctional Institution,
*Appellant.*

## 00C-17140; A113150

47 P3d 898

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Robert J. McCrea argued the cause for respondent. With him on the brief was McCrea, P.C.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Defendant appeals from a judgment granting post-conviction relief. Defendant asserts that the trial court erred in determining that: (1) petitioner's criminal defense counsel breached the standard of constitutionally adequate representation by failing to object that petitioner's sentence violated OAR 213-005-0002(4); and (2) petitioner was prejudiced by that failure because OAR 213-005-0002(4) did, in fact, preclude the imposition of that sentence. We agree with the trial court's conclusions in both respects. Thus, we affirm.

The material facts are undisputed. Petitioner was convicted, following a jury trial, of assault in the third degree based on conduct involving the use of a firearm that occurred in 1995. ORS 163.165(1); ORS 161.610. Assault in the third degree is a Class C felony, ORS 163.165(2); under ORS 161.605(3), the "maximum term of an indeterminate sentence of imprisonment" for a Class C felony is five years. As applied to petitioner's crime, ORS 161.610(4)(a) specified a "gun minimum" prison term of five years' imprisonment, regardless of any limitations that ORS 161.605 might otherwise impose.

In February 1997, the circuit court sentenced petitioner to a prison term of five years pursuant to ORS 161.610(4)(a), plus a 24-month term of post-prison supervision (PPS), as provided by the sentencing guidelines[1]—a total sentence of seven years. Petitioner's criminal defense counsel did not object that the sentence violated OAR 213-005-0002(4), which provides:

> "The term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for the crime of conviction. When the total duration of any sentence (prison incarceration and post-prison supervision) exceeds the statutory maximum indeterminate sentence described in ORS 161.605, the sentencing judge shall first reduce the duration of post-prison

---

[1] Under the sentencing guidelines, assault in the third degree has a crime seriousness ranking of 6. OAR 213-017-0006. In general—but with limitations described in detail below—imposition of a prison sentence for an offense with a crime seriousness ranking of 6 requires imposition of 24 months' post-prison supervision. OAR 213-005-0002(2)(a).

supervision to the extent necessary to conform the total sentence length to the statutory maximum."

Petitioner's criminal defense attorney was, apparently, unaware of that provision at the time of sentencing.

In August 2000, petitioner brought this action, alleging that his criminal defense counsel was constitutionally deficient in that counsel failed to object to the imposition of a sentence totaling seven years as violating OAR 213-005-0002(4).[2] Defendant responded that counsel's failure to object and invoke that provision was not constitutionally deficient, given the construction and application of the previous version of OAR 213-005-0002(4) in *State v. Little*, 116 Or App 322, 842 P2d 414 (1992).[3] Given *Little*, defendant asserted, competent counsel could, and would, have reasonably understood that OAR 213-005-0002(4) permitted the imposition of the now-challenged sentence. Alternatively—and regardless of *Little*—defendant contended that the sentence did, in fact, comport with applicable statutes and rules and, thus, petitioner had not been prejudiced by his attorney's failure to object.

The trial court rejected defendant's arguments and granted relief. The court concluded that counsel was constitutionally inadequate for failing to object to the imposition of a sentence exceeding five years and that petitioner's sentence was, in fact, unlawful under OAR 213-005-0002(4). Consequently, the court amended the judgment of conviction, vacating the 24-month PPS term.

On appeal, defendant reiterates his alternative argument pertaining to the cumulative elements of post-conviction relief, *viz.*, breach of the standard of constitutionally adequate representation and consequent prejudice. *See Stevens v. State of Oregon*, 322 Or 101, 108-10, 902 P2d 1137

---

[2] Petitioner attempted to raise the same issue on direct appeal of his criminal conviction, but we rejected that argument as unpreserved. *State v. Layton*, 163 Or App 37, 41, 986 P2d 1121 (1999), *rev den* 330 Or 252 (2000) (*Layton I*).

[3] The version of the rule in effect when *Little* was decided was numbered OAR 253-05-002(4). We refer to that numbering when discussing the version of the rule at issue in *Little*, and use OAR 213-005-0002(4) to refer to the version of the rule adopted after *Little* (although it was not actually renumbered to its current number until some time later).

(1995). At the common core of both of those arguments is our construction of OAR 253-05-002(4) in *Little*.

In *Little*, the defendant was convicted of first-degree sexual abuse, which was a Class C felony at the time of his conduct.[4] 116 Or App at 324. The defendant's presumptive sentence under the guidelines was 21 to 22 months, but the trial court imposed an upward departure sentence of 36 months' incarceration and 36 months' post-prison supervision—a total of 72 months, exceeding the 60-month maximum for Class C felonies prescribed in ORS 161.605(3). *Id.* The defendant appealed, arguing that his sentence was unlawful under OAR 253-05-002(4). At that time, the rule provided:

> "The term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum sentence for the crime of conviction. When the total duration of any sentence (prison incarceration and post-prison supervision) exceeds the statutory maximum sentence, the sentencing judge shall reduce the duration of post-prison supervision to the extent necessary to conform the total sentence length to the statutory maximum."

We affirmed. The premise of our holding was that OAR 253-05-002(4) applied only to circumstances in which the court imposed a presumptive guidelines sentence, and did not apply to the imposition of departure sentences. We began by summarizing the state's position:

> "The state agrees that the first sentence of the rule appears to require that the combined prison and post-prison term not exceed the maximum of ORS 161.605(3). However, it argues that, when the two sentences are read together and applied to the grid block, the rule does not make sense, unless it is held to apply only in those cases in which the court imposes the presumptive sentence.
>
> "* * * * *
>
> "The state's position is that, in the light of the legislative understanding of the nature of indeterminate sentences reflected in the changes to ORS 137.120, it is reasonable to

---

[4] ORS 163.427(2) now classifies first-degree sexual abuse as a Class B felony.

conclude that the maximum terms of ORS 161.605 no longer have general application.

"The gravamen of the state's position is that, if ORS 161.605(3) applies generally to OAR 253-05-002(4), the rule is not in harmony with other guidelines legislation." *Little,* 116 Or App at 324-26. (Footnote omitted.)

We agreed. We noted that "[w]hether an upward departure sentence may exceed the statutory maximum in ORS 161.605 is not expressly answered in the rules or statutes"; however, "nowhere in the 136 sections of the [guidelines] implementing acts did the legislature specifically make the maximums established in ORS 161.605 *generally* applicable to sentences imposed under the guidelines." 116 Or App at 324, 325 (emphasis in original). We further emphasized the ostensible anomalies that we perceived would result from the defendant's proposed construction and application of OAR 253-05-002(4):

"Under [the rule], if the terms of prison and post-prison supervision exceed the statutory maximum, then the post-prison term must be reduced. That requirement makes sense for presumptive terms. There is no grid block under which a presumptive prison term by itself could exceed the statutory maximum. However, there are several grid blocks under which a presumptive prison term, when combined with the mandatory term of post-prison supervision that must be imposed under OAR 253-05-002(2), exceeds the statutory maximum. * * *

"If OAR 253-05-002(4) applies in those instances, the sentencing court, no matter how aggravating the circumstances, would have to impose less than the maximum upward departure term, or the offenders would not serve a term of post-prison supervision.

"* * * * *

"Holding that the rules provide that the maximum term for upward departures and that OAR 253-05-002(4) applies only to presumptive sentences is consistent with the principles of the guidelines and harmonious with the other guidelines rules and statutes." 116 Or App at 326-28.

We decided *Little* in 1992. Petitioner was sentenced in 1997. In the interim, two related events occurred that bear

on our assessment of whether constitutionally competent counsel would have objected to the imposition of a sentence exceeding five years. First, in 1993, the legislature[5] amended OAR 253-05-002(4) to read, as it currently does:

> "The term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum *indeterminate* sentence for the crime of conviction. When the total duration of any sentence (prison incarceration and post-prison supervision) exceeds the statutory maximum *indeterminate* sentence *described in ORS 161.605* the sentencing judge shall *first* reduce the duration of post-prison supervision to the extent necessary to conform the total sentence length to the statutory maximum." Or Laws 1993, ch 692, § 1 (new language emphasized).

Second, and at the same time, the legislature approved a new rule, OAR 213-008-0003(2), which states that a departure sentence may not "exceed the statutory maximum indeterminate sentence described in ORS 161.605."

■          Thus, by the time petitioner was sentenced, the legislature had legislatively overruled *Little*'s holding that OAR 253-05-002(4) applied only to presumptive sentences and not to departure sentences. *See State v. Remme*, 173 Or App 546, 565-66, 566 n 16, 23 P3d 374 (2001) (accepting state's concession, that trial court's imposition of 72-month departure sentences for Class C felony exceeded statutory maximum prescribed in ORS 161.605(3); *citing* OAR 213-005-0002(4)); *see also State v. Lewis*, 150 Or App 257, 260, 945 P2d 661 (1997) ("After *Little* was decided, the guidelines were amended to provide that a term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum indeterminate sentence."). The inquiry thus reduces to whether, given the 1993 amendments, constitutionally competent counsel would have argued that OAR 213-005-0002(4), as amended, also precluded imposition of a total sentence exceeding five years when a defendant in petitioner's circumstances was convicted of a Class C felony involving use of a firearm.

---

[5] Although the sentencing guidelines are administrative rules, they are subject to approval by the legislature and thus are treated as statutory law. *See generally* ORS 137.667; *see also State v. Langdon*, 330 Or 72, 74, 999 P2d 1127 (2000).

Defendant argues that competent counsel could, reasonably, have foregone such an objection. In particular, defendant asserts, even if the 1993 amendments may have abrogated *Little*'s particular holding regarding departure sentences, nothing in the rule, even as amended, referred to gun minimum sentences:

"A firearm-minimum sentence is neither a presumptive nor a departure sentence; rather it is a special mandatory statutory sentence. ORS 161.610(3) expressly provides that a firearm-minimum sentence is not subject to the durational limitations in ORS 161.605. * * * In other words, even if the 1993 amendment to the rule effectively overruled *Little* with respect to a *departure* sentence, which is now limited by ORS 161.605, it did not overrule *Little* with respect to a *firearm minimum* sentence, which is not. Where, as here, the sentencing court imposes a firearm-minimum sentence instead of a shorter sentence otherwise prescribed by the guidelines, the analysis this court set forth in *Little* dictates that the court is not obliged to reduce the prescribed post-supervision term as described in OAR 213-005-0002(4)." (Citations omitted; emphasis in original.)

Defendant also emphasizes that, in both *Layton I* and *State v. McCoy*, 152 Or App 393, 394, 952 P2d 572, *rev den* 327 Or 83 (1998), which also involved a conviction for third-degree assault with a firearm, we declined to characterize the imposition of a sentence exceeding five years as error apparent on the face of the record. ORAP 5.45(2).[6]

■      Defendant's arguments miss the mark. Regardless of whether an objection to the sentence would ultimately have succeeded—which we address in our discussion of prejudice below—competent counsel would have raised such an objection. A competent decision to raise, or to forego, an objection

---

[6] In *McCoy*, we explained:

"The court was confronted with apparently inconsistent sentencing mandates; it was required to impose a sentence of five years, ORS 161.610(4)(a), required to impose PPS, [OAR 213-005-0002(1)], and was directed that the total prison time and PPS not exceed the maximum indeterminate sentence for the crime of conviction, [OAR 213-005-0002(4)], *which is five years*. ORS 161.605(3). Our cases do not explain how to balance those conflicting requirements. The issue is reasonably in dispute, and, accordingly, the trial court's sentence is not error apparent on the face of the record." 152 Or App at 394 (emphasis in original).

may involve a variety of considerations, including the likelihood of success, the benefit to the client if successful, and any countervailing detriment if unsuccessful. *See Pachl v. Zenon*, 145 Or App 350, 365-66, 929 P2d 1088 (1996), *rev den* 325 Or 621 (1997) (Haselton, J., concurring) ("[W]here there was some possibility of prejudice [to the criminal defendant] * * * and there were no countervailing tactical or strategic considerations, competent defense counsel would have objected."). Here, each of those considerations militated in favor of raising an objection.

The likelihood of success, while not certain, was reasonably promising. Competent counsel could advance a plausible, perhaps ultimately persuasive, position that the plain text of OAR 253-005-0002(4) precluded the imposition of a PPS term that would cause the total sentence to exceed five years—and, to the extent *Little* indicated otherwise, that the 1993 amendments had abrogated that holding. The potential benefit to the client—reducing his total sentence by two years—was manifest. Finally, there was no "down side," or at least none suggested by this record, to raising that objection. Given that cost-benefit calculus, competent counsel would have objected to the seven-year sentence. Thus, petitioner's criminal counsel breached the standard of constitutionally adequate representation by failing to do so.

We turn, then, to whether petitioner was prejudiced by that failure: Would counsel have succeeded, had he challenged the imposition of the 24-month period of PPS? We conclude that counsel would have succeeded. In concluding that adequate counsel would have raised the issue, we have already explained the merits of the argument: OAR 213-005-0002(4), on its face, prohibits a PPS term, when added to a prison term, from "exceeding the statutory maximum indeterminate sentence for the crime of conviction." Defendant argues that, despite the language of OAR 213-005-0002(4), that rule does not govern the sentence in this case because petitioner's gun minimum sentence was imposed pursuant to ORS 161.610(3), which provides, in pertinent part:

"Notwithstanding the provisions of ORS 161.605 * * * if a defendant is convicted of a felony having as an element the defendant's use or threatened use of a firearm during

the commission of the crime, the court shall impose at least the minimum term of imprisonment as provided in subsection (4) of this section."

Defendant asserts that, because ORS 161.610 rather than ORS 161.605 governs the "term of imprisonment" when a gun minimum is imposed, OAR 213-005-0002(4), which incorporates by reference the limits established by ORS 161.605, has no application when a gun minimum sentence is imposed. We disagree.

ORS 161.610, as noted above, provides that, if a firearm is used in the commission of a crime, the court is required to impose a specified "minimum term of imprisonment." ORS 161.610(3), (4). It further provides that, with certain exceptions not relevant here, "in no case shall any person punishable under this section become eligible for work release, parole, temporary leave or terminal leave until the minimum term of imprisonment is served, less a period of time equivalent to any reduction of imprisonment granted for good time served or time credits earned[.]" In short, the "minimum term of imprisonment" described in ORS 161.610 is a *prison* term; by definition, it does not include any amount of PPS time.[7]

ORS 137.637 provides:

"When a determinate sentence of imprisonment is required or authorized by statute, the sentence imposed shall be the determinate sentence or the sentence as provided by the rules of the Oregon Criminal Justice Commission, whichever is longer."

*See also* OAR 213-009-0001(1) (same). Thus, ORS 161.610 generally requires a determinate prison term to be imposed

---

[7] A comparison of ORS 161.610 and ORS 137.765 is instructive. ORS 137.765, like ORS 161.610, contains the phrase "[n]otwithstanding ORS 161.605." ORS 137.765(2). That statute requires that, notwithstanding ORS 161.605, a court imposing sentence on certain individuals designated "sexually violent dangerous offenders" shall, in addition to any sentence of imprisonment required by law, impose "a period of post-prison supervision that extends for the life of the person[.]" That statute demonstrates that, when the legislature intends to override the PPS terms and limitations that otherwise would be applicable, it knows how to do so. ORS 161.610, by comparison, addresses only *prison terms* that may be imposed "[n]otwithstanding ORS 161.605[.]"

when a firearm is used in the commission of a crime. Defendant is correct that, if there is a conflict between the terms of ORS 161.610 and OAR 213-005-0002(4), then the statute is controlling. However, as explained below, there is no conflict between the statute and the rule.

ORS 137.010(10) provides that a "judgment of conviction that includes a term of imprisonment for a felony committed on or after November 1, 1989, shall state the length of incarceration and the length of post-prison supervision." *See also* OAR 213-005-0005 (making similar provision). ORS 137.669 provides, in part:

> "The guidelines adopted under ORS 137.667 [the sentencing guidelines codified at OAR chapter 213], together with any amendments, supplements or repealing provisions, *shall control the sentences for all crimes* committed after the effective date of such guidelines." (Emphasis added.)

Sentences include not only prison terms, but also PPS terms. ORS 137.010(10); *see also Remme*, 173 Or App at 566 n 16 (so noting).

Synthesizing all of the above provisions, we conclude: (1) The sentencing guidelines control sentencing of felonies committed after the guidelines' effective date insofar as the guidelines do not conflict with statutory determinate sentences; in cases where there is conflict, the longer sentence is imposed. ORS 137.669; ORS 137.637. (2) ORS 161.610 provides for a mandatory prison term, exclusive of any PPS term, when a firearm is used in an offense; the prison term provided by ORS 161.610 must be imposed regardless of the length of any prison term calculated under the sentencing guidelines or the strictures of ORS 161.605.[8] (3) ORS 161.610 makes no provision for PPS. (4) The sentencing guidelines control felony sentencing, and felony sentencing includes establishing PPS terms. ORS 137.010(10). (5) While ORS 161.610 controls imposition of a prison term when a firearm

---

[8] *See State v. Stalder*, 117 Or App 289, 844 P2d 225 (1992) (even though a guidelines sentence is longer than the determinate sentence prescribed by ORS 161.610, the court still must impose the ORS 161.610 sentence as well as the guidelines sentence, because ORS 161.610 controls not just prison terms but contains limitations on early release and carries implications for future sentencing).

is used in the commission of a felony, that statute is silent as to PPS; therefore, the guidelines control PPS when a prison term is established pursuant to ORS 161.610.

Defendant, in fact, is not disputing that the guidelines control PPS even if a statutory mandatory minimum sentence is imposed; implicit in defendant's argument that the 24-month PPS term imposed by the court was correct is the assumption that OAR 213-005-0002(2)(a) established the proper PPS term. *See* 181 Or App at 583 n 1. Defendant thus is arguing that OAR 213-005-0002(2) applies to establish petitioner's PPS term, but the *limitation* found in subsection (4) of the same rule—that a PPS term, when added to the prison term, shall not exceed the statutory maximum indeterminate sentence authorized by ORS 161.605—does not apply. There is no basis in the text of any of the rules or statutes cited above for defendant's conclusion.

Defendant's argument is premised on the notion that, because ORS 161.610 explicitly establishes determinate prison terms that may in some instances exceed the terms listed in ORS 161.605, then OAR 213-005-0002(4) cannot apply to any sentence in which ORS 161.610 establishes the prison term because OAR 213-005-0002(4) incorporates certain limitations from ORS 161.605. Defendant's argument would have merit if the portion of ORS 161.610 concerning the inapplicability of the limitations found in ORS 161.605 applied to the *entire sentence* including the PPS term, but it does not: It specifically applies only to "the minimum term of *imprisonment*." ORS 161.610(3) (emphasis added). ORS 161.610 does not establish, control, or limit PPS terms in any way. OAR 213-005-0002 both establishes and limits the length of PPS terms. Nothing in ORS 161.610 conflicts with the sentencing guidelines' limitation on PPS terms codified at OAR 213-005-0002(4).

The post-conviction court correctly concluded that petitioner's trial counsel provided ineffective assistance in failing to point out to the sentencing court that OAR 213-005-0002(4) precluded the imposition of a PPS term as part of petitioner's sentence, and that that failure prejudiced petitioner.

Affirmed.